David Bricker (158896)
dbricker@tenlaw.com
**THORNTON LAW FIRM LLP**
9430 West Olympic Boulevard, Suite 400
Beverly Hills, California
Telephone: (310) 282-8676

*Counsel for Movant and Proposed*
*Counsel for the Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, AND ALFRED G. MERRIWEATHER<br><br>Defendants. | Case No.:  4:19-cv-08051-JSW<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ALI ZAIDI
FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Movant Ali Zaidi ("Movant" or "Zaidi"), on behalf of himself and all similarly situated entities and persons, respectfully submits this Memorandum of Law in support of his motion ("Motion") to: (1) appoint Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired the securities of Adamas Pharmaceuticals Inc. ("Adamas" or the "Company") from August 8, 2017 and September 30, 2019, both dates inclusive (the "Class Period"); (2) approve Movant's selection of Thornton Law Firm LLP ("Thornton") as Lead Counsel and Garner & Associates LLP ("Garner") for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned federal securities class action (the "Action") brought on behalf of a Class consisting of all persons and other entities who purchased or otherwise acquired the securities of Adamas Pharmaceuticals, Inc. (collectively, the "Class") between August 8, 2017 and September 30, 2019, inclusive (the "Class Period"). Movant in the Action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. Movant has lost over $80,000 as a result of the alleged fraud during the Class Period.[1] Movant believes he has

---

[1] Certifications identifying Movant's transactions in Adamas, as required by the PSLRA, as well as a chart identifying losses, are attached to the Declaration of David Bricker ("Bricker Decl."), as Exhibits A and B, respectively.

1

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

the largest financial interest in the outcome of this litigation. Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2]

For the reasons summarized herein and discussed more fully below, Movant's Motion should be granted in its entirety.

## FACTUAL BACKGROUND

Adamas is a commercial stage pharmaceutical company that specializes in developing drug treatment therapies for chronic neurologic disorders. ¶2.[3] Adamas's primary product is GOCOVRI, an extended-release formulation of amantadine (formerly referred to as ADS-5102), which has been approved by the U.S. Food and Drug Administration for the treatment of levodopa-induced dyskinesia. ¶3.

Throughout the Class Period, Defendants made materially false and misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶9. Specifically, Defendants made materially false and misleading statements about: (1) the tolerability and persistence rates of GOCOVRI as correlated with the number of prescriptions; (2) the breadth of insurer coverage for GOCOVRI prescriptions; and (3) the impact of the Company's commercialization efforts. ¶10. In addition, Defendants failed to disclose: (1) the importance of GOCOVRI's price on market penetration; (2) that the rapid increase in physicians prescribing GOCOVRI during the Class Period was not due to its efficacy; and (3) that, as a result of the foregoing, the Company's financial statements and Defendants' statements about Adamas's business, operations, and prospects, were materially false and misleading at all relevant times. ¶11.

---

[2] The "Class" is comprised of all persons, other than defendants, who purchased or otherwise acquired Adamas securities during the Class Period.

[3] References to ¶__ are to paragraphs of the Complaint, Dkt. No. 1.

2

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶12.

## ARGUMENT

## I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.  The PSLRA's provisions concerning the appointment of lead plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a) and (a)(3)(B).

*First*, the PSLRA provides that within 20 days after the date on which the first class action is filed, the plaintiff to that action shall cause to be published in a widely circulated national business publication or wire service, a notice advising members of the proposed class of the pendency of the action and their right to move for lead plaintiff within 60 days of the notice publication. 15 U.S.C. §78u-4(a)(3)(A).

Under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by a purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of person" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

3

<strong>MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF<br>CASE NO.: 4:19-cv-08051-JSW</strong>

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of his knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### B.  Movant satisfies the lead plaintiff provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA. Movant filed the complaint, to his knowledge holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.  Movant filed a timely motion

On December 10, 2019, which was within the twenty (20) days of the filing of the complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff published notice through *ACCESSWIRE*, a widely circulated national business-oriented wire service. *See* Bricker Decl., Ex. C. Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-

4

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

4(a)(3)(A) and (B) expires on February 10, 2020. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2. Movant has the largest financial interest in the relief sought by the class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class. *See* Bricker Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002) ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

Within the Class Period, Movant purchased Adamas securities in reliance upon the materially false and misleading statements issued by Defendants, and was injured thereby. Movant suffered substantial losses of over $80,000 as a result of the Defendants' alleged fraudulent statements. *See* Bricker Decl., Ex. B (Loss Chart). Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have

5

sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3. Movant meets Rule 23's typicality and adequacy requirements

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two– typicality and adequacy–directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a). *See Cavanaugh,* 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *Doherty* v. *Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *6, (N.D. Cal. Nov. 8, 2019) ("The typicality and adequacy requirements of Rule 23 are the Court's main focus in this context."). Further, the showing for typicality and adequacy "need not be as thorough as what would be required on a class certification motion." *In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221-LHK, 2019 WL 6842021, at *5 (N.D. Cal. Dec. 16, 2019). On a motion to serve as lead plaintiff, the movant need make only a "preliminary showing that it satisfies the typicality and adequacy requirements of [Rule] 23." *Krieger* v. *Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 6153154, at *3 (N.D. Cal. Dec. 12, 2011) (citation omitted).

6

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

As detailed below, and in Movant's Declaration (*see* Bricker Decl. Ex. D.), Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### (i)   Movant's claims are typical of the claims of the class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the "plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of the other class members and the claims are based on the same legal theory." *Zhu* v. *UCBH Holdings, Inc.*, 682 F. Supp.2d 1049, 1053 (N.D. Cal. 2010) (citing *Hanon* v. *Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508.

In this case, the typicality requirement is met because Movant's claims are typical, if not identical, to the other members of the putative class. *See Krieger*, 2011 WL 6153154, at \*3. Further, there is nothing to indicate that Movant's claims conflict with those of the putative class or that he is subject to unique defenses. *See id.* Movant, like the other members of the Class, acquired Adamas securities during the Class Period at prices artificially inflated by the Defendants' materially false and misleading statements, and was damaged thereby. Movant suffered loses similar to those of other Class members and his losses resulted from the Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

### (ii)   Movant will fairly and adequately protect the interests of the class

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." "The test for adequacy is whether the class representative and [its] counsel 'have conflicts of interest with other class

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

members' and whether the class representative and [its] counsel will 'prosecute the action vigorously on behalf of the class.'" *City of Royal Oak Ret. Sys.* v. *Juniper Networks*, No. 5:11-cv-04003-LHK, 2012 WL 78780 *5 (N.D. Cal. Jan. 9, 2012). "The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson* v. *TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

Movant has met both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative class. *See* Bricker Decl. Exes. A, B. Movant filed this complaint to preserve the Class's interests. Moreover, Movant has retained counsel who, as shown below, are experienced in litigating lawsuits such as the Action and Movant will submit his choice of Counsel to the Court for approval. Therefore, Movant is an adequate representative for the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is the presumptive lead plaintiff in accordance with §78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this Action.

## II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen* v. *U.S. Dist. Court*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276-277) (3d Cir. 2001) and *In re Cavanaugh*, 306 F.3d 726, 733 n.12 (9th Cir. 2002)).

8

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

Here, Movant has selected Thornton to serve as Lead Counsel for the Class. As set forth in the accompanying firm résumé (Bricker Decl. Ex. E), Thornton and its securities class action attorneys have an established track record of successfully representing investors in securities class actions. Courts throughout the country have recognized Thornton's qualifications to serve as class counsel, and Thornton has recently been appointed co-lead counsel in actions including *Employees Retirement System of the Puerto Rico Electric Power Authority* v. *Conduent Inc.*, No. 19-cv-08237 (D.N.J.), *In re Adient plc Securities Litigation*, No. 18-cv-09116 (S.D.N.Y.); and *Eberts* v. *Eldorado Resorts, Inc., et al.*, No. 19-cv-18230 (D.N.J.). Thornton is also serving as counsel to plaintiffs in actions under the federal securities laws against Impinj, Inc. and Veeco Instruments, Inc. in New York and California state courts. As a result, Thornton has the requisite experience in successfully prosecuting complex securities class actions such as this, and is well-qualified to represent the Class.

Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Ali Zaidi as Lead Plaintiff on behalf of the Class; (2) approve Movant's selection of Thornton Law Firm as Lead Counsel and Garner & Associates as Local Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: February 10, 2020                    Respectfully Submitted,

                                            */s/ Ivy T. Ngo*
                                            Ivy T. Ngo (249860)
                                            **GARNER & ASSOCIATES LLP**
                                            520 Capital Mall, Suite 280
                                            Sacramento, CA 95814
                                            Telephone:    (530) 934-3324
                                            Facsimile:    (530) 934-2334
                                            Email:    ivy@garner-associates.com

9

*Local Counsel for Movant*

Guillaume Buell (*pro hac vice* forthcoming)
Madeline Korber (*pro hac vice* forthcoming)
**THORNTON LAW FIRM LLP**
1 Lincoln St
Boston, MA 02111
Telephone:     (617) 720-1333
Facsimile:     (617) 720-2445)
Email:         gbuell@tenlaw.com
               mkorber@tenlaw.com

David Bricker (158896)
**THORNTON LAW FIRM LLP**
9430 West Olympic Boulevard, Suite 400
Beverly Hills, California
Telephone:     (310) 282-8676
Email:         dbricker@tenlaw.com

*Counsel for Movant and Proposed Lead Counsel for the Class*

Brian Schall (290685)
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone:     (310) 301-3335
Facsimile:     (310) 388-0192
Email:         brian@schallfirm.com

*Additional Counsel for Movant*

10

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**

## CERTIFICATE OF SERVICE

I, Ivy T. Ngo, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 10th day of February, 2020.

*/s/ Ivy T. Ngo*
Ivy T. Ngo

11

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAD PLAINTIFF**
**CASE NO.: 4:19-cv-08051-JSW**