COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:      (650) 843 5000
Facsimile:      (650) 843 7400

Attorneys for Defendants,
ADAMAS PHARMACEUTICALS, INC., GREGORY T.
WENT, ALFRED G. MERRIWEATHER, RICHARD A.
KING, RAJIV PATNI, and VIJAY SHREEDHAR

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER, RICHARD A. KING, RAJIV PATNI, and VIJAY SHREEDHAR<br><br>Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          November 6, 2020<br>Time:          9:00 a.m.<br>Courtroom:   5<br>Judge:         Hon. Jeffrey S. White |

Pursuant to Federal Rule of Evidence 201, Defendants Adamas Pharmaceuticals, Inc. ("Adamas" or the "Company"), Gregory T. Went, Alfred G. Merriweather, Richard A. King, Rajiv Patni, and Vijay Shreedhar (collectively, with Adamas, "Defendants") respectfully request that this Court incorporate by reference and/or take judicial notice of the documents identified below in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint.  All of the

1

documents are attached to the supporting Declaration of Tijana M. Brien, filed concurrently herewith.

## I.    DOCUMENTS SUBJECT TO THIS REQUEST

| Exhibit | Description | ¶¶[1] |
|---|---|---|
| 1 | Adamas' Prospectus Supplement, filed with the Securities and Exchange Commission ("SEC") on Form 424B4 on January 24, 2018 | 237 |
| 2 | Transcript of Adamas' Earnings Call for the second fiscal quarter of 2017, which occurred on August 8, 2017 | 65, 79, 102, 118, 220, 221, 222, 358 |
| 3 | Journal of the American Medical Association ("JAMA"), *Extended-Release Amantadine – A smart pill for treatment of levodopa-induced dyskinesia but does the evidence justify the cost*, Aparna Wagle Shukla, MD, August 2017 | 81, 82, 84 |
| 4 | Adamas' Form 10-K, Q4'17/FY'2017 filed with the SEC on February 22, 2018 | 51, 113, 127, 239, 241, 355 |
| 5 | Adamas Form 10-Q, Q3'2017, filed with the SEC on November 2, 2017 | Filed publicly with the SEC |
| 6 | Transcript of Adamas' Investor Day, which occurred on September 18, 2017 | 53, 66, 67, 68, 69, 83, 84, 85, 98, 100, 101, 120, 122, 144, 152, 224, 225, 226, 354 |
| 7 | Transcript of Evercore ISI Biopharma Catalyst/Deep Dive Conference, which occurred on November 30, 2017 | Audio recording publicly available during class period |
| 8 | Transcript of Piper Jaffray Healthcare Conference, which occurred on November 28, 2017 | Audio recording publicly available during class period |
| 9 | Transcript of Adamas' Earnings Call for the third fiscal quarter of 2017, which occurred on November 2, 2017 | 54, 70, 87, 88, 145, 228, 229, 230, 231, 233, 358, 228, 229, 230, 231, 233, 358 |
| 10 | Transcript of Adamas' presentation at Bank of America Merrill Lynch Healthcare Conference, which occurred on May 16, 2018 | 56, 75, 90, 156, 162, 270, 271, 272, 273, 274, 359, 361 |
| 11 | Adamas Form 10-Q, Q1'2018, filed with the SEC on May 3, 2018 | 127, 252 |

---

[1] "¶" refers to the paragraphs of the Amended Class Action Complaint ("Complaint") that quote from, or refer to information contained in, the referenced document.

| 12 | Adamas Form 10-Q, Q2'2018, filed with the SEC on August 2, 2018 | 276 |
| 13 | Adamas Form 10-Q, Q3'2018, filed with the SEC on November 1, 2018 | 287 |
| 14 | Adamas' Form 10-K, Q4'18/FY'2018 filed with the SEC on March 4, 2019 | 51, 113, 302, 304, 355 |
| 15 | Adamas Form 10-Q, Q1'2019, filed with the SEC on May 9, 2019 | 321 |
| 16 | Adamas Form 10-Q, Q2'2019, filed with the SEC on August 8, 2019 | Filed publicly with the SEC |
| 17 | Cowen's September 19, 2017 Analyst Report Titled, "What We Learned At The Investor Day; Reiterating Overweight." | Publicly available |
| 18 | Mizuho Securities' September 18, 2017 Analyst Report Titled, "Encouraging Expert Call Ahead of Investor Day." | Publicly available |
| 19 | Piper Jaffray's September 18, 2017 Analyst Report Titled, "What We Learned At The Investor Day; Reiterating Overweight" | Publicly available |
| 20 | Adamas' Form 8-K, filed with the SEC on January 22, 2018 | 123, 127, 235 |
| 21 | Adamas' Form 10-Q, Q2'2017, filed with the SEC on August 8, 2017 | Filed publicly with the SEC |
| 22 | Adamas' Form 8-K, filed with the SEC on May 3, 2018 | Filed publicly with the SEC |
| 23 | Adamas' Form 8-K, Q2'18 Earnings Press Release, filed with the SEC on August 2, 2018 | 348 |
| 24 | Adamas' Form 8-K, Q3'18 Earnings Press Release, filed with the SEC on November 1, 2018 | Filed publicly with the SEC |
| 25 | Adamas' Form 8-K, Q4'18 Earnings Press Release, filed with the SEC on January 6, 2019 | 300 |
| 26 | Transcript of Adamas' Earnings Call for the fiscal year of 2018, which occurred on February 22, 2018 | 55, 72, 89, 125, 126, 153, 159, 160, 161, 245, 246, 248, 250, 354, 359 |
| 27 | Piper Jaffray March 12, 2018 Analyst Report Titled, "More Favorable Data Points On The Gocovri Launch" | Publicly available |
| 28 | Piper Jaffray April 19, 2018 Analyst Report Titled, "Tidbits From the Road with Management; Staying Bullish" | 131 |

| 29 | Transcript of Adamas' Earnings Call for the first fiscal quarter of 2018, which occurred on May 3, 2018[2] | 73, 74, 133, 134, 146, 255, 256, 257, 258, 259, 260, 261, 262, 265, 359 |
|----|----|----|
| 30 | Transcript of Adamas' Earnings Call for the second fiscal quarter of 2018, which occurred on August 2, 2018 | 76, 91, 111, 136, 278, 280, 281, 282, 283, 284, 285, 361 |
| 31 | Adamas Stock Chart | Publicly available |
| 32 | Transcript of Adamas' Earnings Call for the first fiscal quarter of 2019, which occurred on May 9, 2019 | 195, 196, 210, 314, 315, 317, 357, 261 |
| 33 | Transcript of Adamas' Earnings Call for the fiscal year of 2018, which occurred on March 4, 2019 | 181, 182, 183, 184, 185, 187, 188, 306, 307, 308, 310, 339 |
| 34 | Transcript of Adamas' Earnings Call for the second fiscal quarter of 2019, which occurred on August 8, 2019 | 199, 200, 201, 202, 203, 204, 213, 214, 327, 328, 361 |
| 35 | Richard King's SEC Form 4, filed with the SEC on March 1, 2018 | Publicly filed with the SEC |
| 36 | Transcript of Deutsche Bank Annual Healthcare Conference, which occurred on May 8, 2018 | 102, 267, 268 |
| 37 | Transcript of Adamas' Earnings Call for the third fiscal quarter of 2018, which occurred on November 1, 2018 | 169, 170, 171, 172, 173, 289, 290, 291, 292, 293, 294, 335, 349, 361, |
| 38 | Transcript of Credit Suisse Investor Conference, which occurred on November 14, 2018 | 57, 180, 296, 298[3] |
| 39 | Transcript of Adamas' presentation at Bank of America Merrill Lynch Healthcare Conference, which occurred on May 15, 2019 | 211, 212, 319, 321, 322, 323 |
| 40 | Adamas' Form 8-K, filed with the SEC on August 8, 2019 | 325 |
| 41 | Adamas' Form 8-K, filed with the SEC on February 22, 2018 | 243 |

## II.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling

[2] In paragraphs 133, 134, and 146 of the Complaint, Plaintiff misidentifies the date of this transcript as May 8, 2018.
[3] In paragraph 298 of the Complaint, Plaintiff incorrectly lists the date of this transcript as November 2017.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein when the facts are not in dispute and are from reliable sources. *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018). Defendants' Exhibits—Adamas SEC filings, transcripts of Defendants' earnings calls and conferences, analyst reports, and Adamas' stock price—are all incorporated by reference into the Complaint or the proper subject of judicial notice.

**A.     The Court May Consider Exhibits 1-4, 6, 9-16, 20, 23, 25-26, and 28-29, 30-34, 36-41 As Incorporated by Reference into the Complaint.**

Incorporation by reference is a judicially-created doctrine that treats certain documents as though they are part of the complaint itself. *Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (emphasis added) (quoting *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003)). Considering these documents in their entirety serves the purpose of the incorporation by reference doctrine—"to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones,* 400 F. Supp. 3d at 905.

Exhibits 1-4, 6, 9-16, 20, 23, 25-26, 28-29, 30-34, and 36-41 are properly considered is deciding Defendants' Motion to Dismiss under the incorporation by reference doctrine. These documents are selectively quoted throughout the Complaint to form the basis for Plaintiff's claims. Specifically, Plaintiff claims that Defendants' statements in Exhibits 1, 2, 4, 6, 9-16, 20, 25, 26, 29, 30-34, and 36-41 were materially false or misleading, "and they therefore form the basis of plaintiff's claims." *In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020). Exhibits 33 and 37 also form the basis for Plaintiff's claims because Plaintiff maintains that the quoted language in these Exhibits "revealed" the "truth" that was

allegedly concealed by Defendants' previous statements. (¶¶ 331-332). *Apple*, 2020 WL 2857397, at *5. And, Exhibits 3, 23, 28, and 31 are properly incorporated by reference as they are referenced extensively throughout the complaint in support of Plaintiff's claims that Defendants' statements were false or misleading. *See Jones.,* 400 F. Supp. 3d at 905 (incorporation by reference appropriate when "complaint refers extensively to the document"). As such, it is crucial that the Court consider these documents in their entirety when ruling on the Motion to Dismiss because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

**B.      The Court May Take Judicial Notice of Exhibits 1-41 As Publicly Available Information.**

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts routinely take judicial notice of SEC filings, conference transcripts, analyst reports, and other public information for the purpose of showing what information was available to the stock market and when. *Apple*, 2020 WL 2857397, at *6. As discussed below, the court should take judicial notice of Exhibits 1-41 to "indicate what was in the public realm at the time, not whether the contents of those [documents] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted).

**SEC Filings.** In securities fraud cases, courts routinely take judicial notice of publicly filed SEC filings. *See, e.g.*, *Dreiling v. Am. Express Co.,* 458 F.3d 942, 946 (9th Cir. 2006) (noting SEC filings proper subject of judicial notice); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice of SEC filings"); *In re Salesforce.com Sec. Litig.*, No. C 04-03009 JSW, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2005) (taking judicial notice of company's SEC filings); *In re Ditech Commc'ns Corp. Sec. Litig.*, No. C 05-02406 JSW, 2007 WL 2990532, at *6 (N.D. Cal. Oct. 11, 2007) (same). Exhibits 1, 4, 5, 11-16, 20-25, 36, and 40-41 are publicly available SEC filings and the proper subject of judicial

notice.[4]

**Transcripts.**   The Court may also take judicial notice of publicly available transcripts of earnings calls and conferences.  *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls).  Here, Exhibits 2, 6-10, 26, 29, 30, 32-34, and 36-39 are publicly available transcripts that the Court should take judicial notice of to "indicate what was in the public realm at the time."[5]  *Von Saher,* 592 F.3d at 960 (citation omitted).

**Analyst Reports and Articles.**   Analyst reports and articles are proper subjects of judicial notice to show that the market was aware of information contained therein.  *See, e.g., In re Salesforce.com*, 2005 WL 6327481, at *3 (granting judicial notice of analyst reports); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 14-16814, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports); *In re Rackable Sys., Inc. Sec. Litig.*, No. C 09-0222 CW, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (same).  Exhibits 3, 17-19, 27-28 are publicly available analyst reports and articles the Court may take judicial notice of "to establish 'whether and when certain information was provided to the market.'"[6]  *In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265-EMC, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citing *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148(C.D. Cal. 2007)).

**Adamas' Stock Price.**   Additionally, Exhibit 31—Adamas stock price throughout the class period—is "not subject to reasonable dispute" and "can be accurately and readily determined" from reliable sources.  *See Jones,* 400 F. Supp. 3d at 905; *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 (9th Cir. 2008) (information about the stock price of publicly traded

---

[4] Exhibits 1, 4, 11-15, 20, 23, and 25 are also publicly available SEC filings and referenced throughout the Complaint and admissible under the incorporation by reference doctrine.  *See supra,* § II(A).
[5] Exhibits 2, 6, 9-10, 26, 29-30, 32-34, and 36-39 also form the basis of Plaintiff's claims and are extensively referenced throughout the Complaint and therefore admissible under the incorporation by reference doctrine.  *See supra* § II(A).  Exhibits 7 and 8 are the transcriptions of audio recordings that were publicly available on Adamas website during the class period.  *See* Tijana Decl. at ¶¶ 8-9.
[6] Exhibit 28 is also cited in the Complaint and is therefore also incorporated by reference.  *See supra* § II(A).

companies is a proper subject of judicial notice); *In re Copper Mountain Sec. Litig.,* 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (same).  Further, Plaintiff makes numerous references to Adamas' stock price throughout the class period (¶¶ 13, 15, 17, 21, 168, 177, 193, 334, 337, 341, 347) and its allegations, most notably loss causation and damages, necessarily rely on Adamas' share price, making this exhibit admissible under the incorporation by reference doctrine.

**C.     Documents Relating to the PSLRA's Safe Harbor**

Exhibits 1, 2, 4, 6, 9-16, 20, 25, 26, 29, 30-34, and 36-41 are also judicially noticeable because they contain safe harbor or other appropriate cautionary language accompanying the statements of which Plaintiff challenges.  15 U.S.C. § 78u-5(e) ("On any motion to dismiss based upon [the safe harbor of the PSLRA], the court shall consider any statements cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant.").

**III.     CONCLUSION**

For the foregoing reasons, Defendants' request that this Court consider Exhibits 1-4, 6, 9-16, 20, 23, 25-26, 28-29, 30-34 and 36-41 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-41 to establish what information was in the public realm and when.

Dated: July 14, 2020                                        COOLEY LLP


                                                           By:   */s/Tijana M. Brien*
                                                                  Tijana M. Brien

                                                           Attorneys for Defendants Adamas
                                                           Pharmaceuticals, Inc., Gregory T. Went, Alfred
                                                           G. Merriweather, Richard A. King, Rajiv Patni,
                                                           and Vijay Shreedhar

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

**REQUEST FOR JUDICIAL NOTICE**
**CASE NO.: 4:19-CV-08051-JSW**