**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>vs.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER, RICHARD A. KING, RAJIV PATNI, AND VIJAY SHREEDHAR,<br><br>                                    Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**<br><br>Date: November 6, 2020<br>Time: 9:00 a.m.<br>Judge: The Hon. Jeffrey S. White<br>Dept.: Courtroom 5, 2nd Floor |

Pending before the Court is Defendants Adamas Pharmaceuticals, Inc. ("Adamas"), Gregory T. Went, Alfred G. Merriweather, Richard A. King, Rajiv Patni, and Vijay Shreedhar's (together, "Defendants") Motion to Dismiss Plaintiff's Amended Class Action Complaint (the "Complaint")

The Court, having considered Defendants' Motion, Plaintiff's Opposition to Defendants' Motion, any reply submitted in support of the Motion, any arguments presented for or against the Motion, and the files and records in this action, hereby DENIES Defendants' Motion because Plaintiff has sufficiently stated claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

The Court hereby finds that under the Section 10(b) Exchange Act, Plaintiff has adequately alleged: (1) a material misrepresentation or omission (*i.e.*, "falsity"); (2) scienter; (3) the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011). In particular, Plaintiff has adequately alleged falsity, scienter, and loss causation: the three elements that Defendants challenge.

First, the Complaint sufficiently alleges that Defendants made materially false and misleading representations and omissions regarding: (1) payer support and coverage for Adamas' sole commercially available drug, GOCOVRI; (2) prescribing physician support for GOCOVRI; (3) the available market for GOCOVRI. Defendants' statements are actionable as they failed to "disclos[e] adverse information that cuts against the positive information" they touted. *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 706 (9th Cir. 2016). Likewise, the omission of "facts going to the basis for the issuer's opinion" renders Defendants' opinion statements misleading. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 194 (2015).

Second, Defendants are not entitled to the safe harbor protection of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The challenged statements are not forward looking but purport to be a statement of current fact, or are inextricably intertwined with misleading statements of then-existing fact. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1142 (9th Cir. 2017). Likewise, Defendants have failed to make a stringent showing that their risk disclosures

were sufficiently meaningful under the PSLRA, *In re Atossa Genetics Inc Sec. Litig.*, 868 F.3d 784, 798 (9th Cir. 2017), and a number of Defendants' risk disclosures failed to warn investors of risks that were already transpiring, and are themselves materially misleading. *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 986 (9th Cir. 2008).

Third, the Complaint has alleged particularized facts that, considered holistically as required by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007), support a strong inference that Defendants acted with an intent to deceive or deliberate recklessness. Those facts include: (i) Defendants' knowledge that payers did not support GOCOVRI and required prior unsuccessful use of generic amantadine IR; (ii) Defendants' knowledge that prescribing physicians did not support GOCOVRI, and viewed it as no more effective than the generic amantadine IR, too expensive, and too difficult to prescribe; (iii) Defendants' knowledge that the true market for GOCOVRI was limited to the most severe cases of dyskinesia, and that most patients do not want or need treatment; (iv) Defendants' knowledge of GOCOVRI's bleak prospects for a follow-on indication; (v) GOCOVRI was Adamas' core operation, accounting for 99% of Adamas' revenues; (vi) the Individual Defendants' direct involvement in GOCOVRI's commercialization efforts and discussions thereof with investors; (vii) the abrupt resignations of individual defendants King, Merriweather, and Went, on the heels of the alleged corrective disclosures; and (viii) Adamas' significant proceeds in its January 2018 offering, in which the Company sold 3.45 million shares at $41.50 per share, a price very near Adamas' all-time high. Together, the foregoing facts give rise to an inference of scienter that is at least as plausible as any competing inference.

Fourth, Plaintiff has met his minimal burden in pleading loss causation. Plaintiff's allegations that stock price declines immediately followed each of the October 5, 2018, November 1, 2018, March 4, 2019, and September 30, 2019 announcements that partially disclosed the truth and/or the risks materialized to the market. *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F. 3d 750, 753-54 (9th Cir. 2018). Defendants' truth-on-the-market defenses are inappropriate at this stage, and further, have not met their burden of proof to invoke it. *Provenz v. Miller*, 102 F.3d 1478, 1492-93 (9th Cir. 1996).

Finally, because the Complaint has sufficiently alleged a primary violation of Section 10(b) of the Exchange Act, Plaintiff's claims for control personal liability are sustained.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: _____

_____
Honorable Jeffrey S. White
United States District Judge