COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:     (650) 843 5000
Facsimile:     (650) 843 7400

Attorneys for Defendants,
ADAMAS PHARMACEUTICALS, INC., GREGORY T.
WENT, ALFRED G. MERRIWEATHER, and RICHARD
A. KING

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER and RICHARD A. KING,<br><br>Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:        March 11, 2022<br>Time:        9:00 a.m.<br>Courtroom:   5<br>Judge:       Hon. Jeffrey S. White |

Pursuant to Federal Rule of Evidence 201, Defendants Adamas Pharmaceuticals, Inc. ("Adamas" or the "Company"), Gregory T. Went, Alfred G. Merriweather and Richard A. King, (collectively, with Adamas, "Defendants") respectfully request that this Court incorporate by reference and/or take judicial notice of the documents identified below in support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Defendants' Motion").  All of the

1

documents subject to this request are attached to the Declaration of Tijana M. Brien in Support of Defendants' Motion, filed concurrently herewith.

## I.     DOCUMENTS SUBJECT TO THIS REQUEST

| Exhibit | Description | ¶¶[1] |
|---------|-------------|-------|
| 1 | Adamas' Form 10-Q, for the second fiscal quarter of 2017, filed with the SEC on August 8, 2017 | Judicial Notice |
| 2 | Transcript of Adamas' Earnings Call for the second fiscal quarter of 2017, which occurred on August 8, 2017 | ¶¶ 67, 68, 72, 74, 160 |
| 3 | Journal of the American Medical Association ("JAMA"), *Extended-Release Amantadine – A smart pill for treatment of levodopa-induced dyskinesia but does the evidence justify the cost*, Aparna Wagle Shukla, MD, August 2017 | ¶¶ 69-71, 161, 190, 192, 199, 203, 205 |
| 4 | Transcript of Adamas' Investor Day, which occurred on September 18, 2017 | ¶¶ 61, 64, 76, 78, 79, 81, 82, 90, 163, 230, 233, 237 |
| 5 | Analyst report published by Cowen and Company on September 19, 2017 titled, "GOCOVRI Pricing Reflects Its Differentiated Profile – Shares Remain Undervalued" | Judicial Notice |
| 6 | Transcript of Adamas' Earnings Call for the third fiscal quarter of 2017, which occurred on November 2, 2017 | ¶¶ 62, 83-85, 237 |
| 7 | Adamas' Form 10-Q, for the third fiscal quarter of 2017, filed with the SEC on November 2, 2017 | Judicial Notice |
| 8 | Transcript of Piper Jaffray Healthcare Conference, which occurred on November 28, 2017 | Judicial Notice |
| 9 | Transcript of Evercore ISI Biopharma Catalyst/Deep Dive Conference, which occurred on November 30, 2017 | Judicial Notice |
| 10 | Adamas' Form 8-K, Adamas' earnings press release for the fourth quarter and fiscal year of 2017, filed with the SEC on January 22, 2018 | ¶¶ 86, 165, 237 |
| 11 | Adamas' Form 10-K, for the fourth fiscal quarter and fiscal year of 2017, filed with the SEC on February 22, 2018 | ¶¶ 57, 86, 167 |
| 12 | Transcript of Adamas' Earnings Call for the fiscal year of 2017, which occurred on February 22, 2018 | ¶¶ 93, 230 |
| 13 | Richard King's SEC Form 4, filed with the SEC on March 1, 2018 | Judicial Notice |

---

[1] "¶" refers to the paragraphs of the Second Amended Class Action Complaint ("SAC") that quote from, or refer to information contained in, the referenced document.

| 14 | Analyst report published by Piper Jaffray on March 12, 2018 titled, "More Favorable Data Points On The Gocovri Launch" | Judicial Notice |
|---|---|---|
| 15 | Transcript of Adamas' Earnings Call for the first fiscal quarter of 2018, which occurred on May 3, 2018 | ¶¶ 97, 100, 101, 179, 181, 183, 185, 187, 234, 241 |
| 16 | Adamas' Form 8-K, Adamas' earnings press release for the first fiscal quarter of 2018, filed with the SEC on May 3, 2018 | Judicial Notice |
| 17 | Adamas' Form 10-Q, for the first fiscal quarter of 2018, filed with the SEC on May 3, 2018 | ¶¶ 86, 169 |
| 18 | Transcript of Adamas' presentation at Bank of America Merrill Lynch Healthcare Conference, which occurred on May 16, 2018 | ¶¶ 102-04, 189, 191, 193, 196, 234, 241 |
| 19 | Adamas' Form 8-K, Adamas' earnings press release for the second fiscal quarter of 2018 filed with the SEC on August 2, 2018 | Judicial Notice |
| 20 | Adamas' Form 10-Q, for the second fiscal quarter of 2018, filed with the SEC on August 2, 2018 | ¶¶ 171, 173 |
| 21 | Analyst report published by Piper Jaffray on August 2, 2018 titled, "Strong Ramp For Gocovri; Payer Landscape Favorable; Raising PT" | ¶ 126 |
| 22 | Transcript of Adamas' Earnings Call for the second fiscal quarter of 2018, which occurred on August 2, 2018 | ¶¶ 117, 118, 241 |
| 23 | Adamas' Form 8-K, Adamas' earnings press release for the third quarter of 2018, filed with the SEC on November 1, 2018 | Judicial Notice |
| 24 | Adamas' Form 10-Q, for the third fiscal quarter of 2018, filed with the SEC on November 1, 2018[2] | ¶¶ 175, 177 |
| 25 | Transcript of Adamas' Earnings Call for the third fiscal quarter of 2018, which occurred on November 1, 2018 | ¶¶ 73, 131-34, 140, 162, 197, 201, 208-10, 215, 218 |
| 26 | Adamas' Form 8-K, Adamas' earnings press release for the fourth fiscal quarter and fiscal year of 2018, filed with the SEC on January 6, 2019 | Judicial Notice |
| 27 | Transcript of Adamas' Earnings Call for the fiscal year of 2018, which occurred on March 4, 2019 | ¶¶ 139-145, 222, 223 |

[2] In paragraph 175 of the Second Amended Complaint, Plaintiff misidentifies the date of this filing as November 2, 2018.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

| 28 | Adamas' Form 8-K, Adamas' earnings press release for the fourth fiscal quarter and fiscal year of 2020, filed with the SEC on February 23, 2021 | Judicial Notice |

## II.   ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (quoting same). Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein when the facts are not in dispute and are from reliable sources. *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018). Defendants' Exhibits—Adamas filings with the Securities and Exchange Commission ("SEC"), transcripts of Defendants' earnings calls and conferences, and analyst reports and articles—are all incorporated by reference into the Complaint and/or the proper subject of judicial notice.

### A.   The Court May Consider Exhibits 2-4, 6, 10, 11, 12, 15, 17, 18, 20, 21, 22, 24, 25 and 27 As Incorporated by Reference into the Complaint

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002. A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well-settled: "to prevent plaintiffs from highlighting only the portions of

certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Orexigen*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]").

Exhibits 2-4, 6, 10, 11, 12, 15, 17, 18, 20, 21, 22, 24, 25, and 27 are properly considered in deciding Defendants' Motion under the incorporation by reference doctrine. These documents are selectively quoted throughout the Second Amended Complaint ("SAC") to form the basis for Plaintiff's claims. Specifically, Plaintiff claims that Defendants' statements in Exhibits 2, 4, 6, 10, 11, 12, 15, 17, 18, 20, 22, 24, and 25 were materially false or misleading, "and they therefore form the basis of [Plaintiff's] claims." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020); (SAC ¶¶ 57, 61, 62, 64, 67-70, 72, 74, 76, 78, 79, 81-86, 90, 93, 97, 100-104, 160, 163, 165, 167, 169, 171, 173, 175, 177, 179, 181, 183, 185, 187, 189, 191, 193, 196, 208-10, 230, 233, 234, 237, 241). As such, it is crucial that the Court consider these documents in their entirety when ruling on the Motion because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citing *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414 (9th Cir. 1996)). Exhibits 3 and 21, a published Journal of the American Medical Association article and a published Piper Jaffray analyst report, are also properly incorporated by reference as they are referenced extensively throughout the SAC in support of Plaintiff's claims that Defendants' statements were false or misleading. *See Jones*, 400 F. Supp. 3d at 905 (incorporation by reference appropriate when "complaint refers extensively to the document"); (SAC ¶¶ 69-71, 126, 161, 190, 192, 199, 203, 205). Further, Plaintiff alleges that quotes from Exhibits 25 and 27, transcripts of Adamas' earnings calls for the third fiscal quarter and fiscal year of 2018, revealed the "truth" to investors. (*See* ¶¶ 75, 131-34,139-45, 162, 197, 201, 215, 218, 222, and 223). Accordingly, Exhibits 25 and 27 are incorporated into the SAC. *Apple*, 2020 WL 2857397, at *5; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference the documents that plaintiffs contended "revealed the truth after the misleading statements"). Indeed, this Court already relied on Exhibits 2, 11, 17, and 18 in ruling on the prior Motion to Dismiss (the "Order"). (Order at 4, 19, 22, 24, and 25).

**B.      The Court May Take Judicial Notice of Exhibits 1-28 As Publicly Available Information**

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of "publicly available financial documents[,] such as SEC filings[,]" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Apple*, 2020 WL 2857397, at *6. As discussed below, the court should take judicial notice of Exhibits 1-28 to "indicate what was in the public realm at the time" and to show Adamas' reported results. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted). Defendants previously submitted, and Plaintiff did not oppose, Defendants' previous request for judicial notice of Exhibits 1-27. (ECF Nos. 71, 74). This Court has already concluded that Exhibits 1-27[3] "are the types of documents that would be subject to judicial notice," (Order at 8), and as discussed above, relied on Exhibits 2, 11[4], 17, and 18 in ruling on Defendants' Motion to Dismiss the Amended Complaint. (Order at 4, 19, 22, 24, and 25). Exhibit 28 is equally appropriate for judicial notice.

**SEC Filings (Exhibits 1, 7, 10, 11, 13, 16, 17, 19, 20, 23, 24, 26, 28).** Data in SEC filings, such as financials, are "not subject to reasonable dispute" and are therefore the proper subjects of judicial notice. *Peter Strojnik, P.C. v. Energy Bull*, 2008 WL 11450579, at *3 (D. Ariz. Dec. 11, 2008) (finding financial data in SEC filings are not subject to reasonable dispute and are therefore judicially noticeable); *see also In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1232 (N.D. Cal. 2008); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (the court "may properly take judicial notice

---

[3] Exhibit 28 was not previously filed with the Court and therefore the Court did not previously rule on its admissibility.

[4] While Defendants would typically excerpt an exhibit of this size, the entirety of Exhibit 11 has been submitted, consistent with Plaintiff's previous request that the Court consider Adamas' 10-K for the fiscal year 2017, filed February 22, 2018, in its entirety. (*See* ECF No. 74).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

of SEC filings"); *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Form 8-K). Exhibits 1, 7, 10, 11, 13, 16, 17, 19, 20, 23, 24, 26, and 28 are publicly available SEC filings and the proper subject of judicial notice.[5] This Court previously found these exhibits, with the exception of Exhibit 28 which was not previously before this Court, to be "the types of documents that would be subject to judicial notice." (Order at 8).

**Transcripts (Exhibits 2, 4, 6, 8, 9, 12, 15, 18, 22, 25, 27).** The Court may also take judicial notice of publicly available transcripts of earnings calls and conferences. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls); *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1243 (N.D. Cal. 1998); *Rackable Sys.*, 2010 WL 3447857, at *3. Here, Exhibits 2, 4, 6, 8, 9, 12, 15, 18, 22, 25, and 27 are publicly available transcripts that the Court should take judicial notice of to "indicate what was in the public realm at the time."[6] *Von Saher*, 592 F.3d at 960 (citation omitted). This Court has previously found these exhibits to be "the types of documents that would be subject to judicial notice." (Order at 8).

**Analyst Reports and Published Articles (Exhibits 3, 5, 14, 21).** News articles are proper subjects of judicial notice to show that the market was aware of information contained therein. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"). Courts also "routinely take judicial notice of analyst reports," not for the truth of the matter, but to determine what the market was aware of and "what was or was not discussed in the public realm." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011). Exhibits 3, 5, 14, and 21 are publicly available analyst reports and articles the Court may take judicial notice of "to establish 'whether and when certain information was provided to the

---

[5] Exhibits 10, 11, 17, 20, and 24 are also referenced throughout the Complaint and are therefore admissible under the incorporation by reference doctrine. *See supra*, § I(A).

[6] Exhibits 2, 4, 6, 12, 15, 18, 22, 25, and 27 also form the basis of Plaintiff's claims and are extensively referenced throughout the Complaint and are therefore admissible under the incorporation by reference doctrine. *See supra* § I(A).

market.'"[7] *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (citing *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148 (C.D. Cal. 2007)).  This Court has previously found that these exhibits are "the types of documents that would be subject to judicial notice."  (Order at 8).

### III.   CONCLUSION

For the foregoing reasons, Defendants' request that this Court consider Exhibits 2-4, 6, 10, 11, 12, 15, 17, 18, 20, 21, 22, 24, 25, and 27 under the incorporation by reference doctrine and/or take judicial notice of Exhibits 1-28 to establish what information was in the public realm and when.

Dated: December 10, 2021                         COOLEY LLP


                                                 By:   */s/Patrick Gibbs*
                                                       Patrick Gibbs

                                                 Attorneys for Defendants Adamas
                                                 Pharmaceuticals, Inc., Gregory T. Went,
                                                 Alfred G. Merriweather and Richard A. King

260647482

---

[7] Exhibits 3 and 21 are also cited in the Complaint and are therefore also incorporated by reference. *See supra* § I(A).