UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER, RICHARD A. KING,<br><br>Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: March 11, 2022<br>Time: 9:00 a.m.<br>Judge: The Hon. Jeffrey S. White<br>Dept.: Courtroom 5, 2nd Floor |

Pending before the Court is Defendants Adamas Pharmaceuticals, Inc. ("Adamas"), Gregory T. Went, Alfred G. Merriweather, and Richard A. King's (together, "Defendants") Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (the "SAC") and Defendants' request for Judicial Notice and Consideration of Documents Incorporated by Reference ("RJN").

The Court, having considered Defendants' Motion, Plaintiff's Opposition to Defendants' Motion, any reply submitted in support of the Motion, Defendants' RJN, Plaintiff's Response and Objection to the RJN, any arguments presented for or against the Motion, and the files and records in this action, hereby DENIES Defendants' Motion because Plaintiff has sufficiently stated claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Defendants' RJN is granted in part and denied in part. The Court takes judicial notice or incorporates by reference Exhibits 1-12 and 14-28, but declines to consider these documents for the truth of the matters contained within. The Court denies to take judicial notice of Exhibit 13, an SEC Form 4, and the truth of the content in this document, including the date and volume of stock purchases listed in the SEC Form 4. *Shenwick v. Twitter, Inc.*, 282 F.Supp.3d 1115, 1123-24 (N.D. Cal. 2017) (declining to take judicial notice of Form 4s).

The Court hereby finds that under the Section 10(b) of the Exchange Act, Plaintiff has adequately alleged: (1) a material misrepresentation or omission (*i.e.*, "falsity"); (2) scienter; (3) the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-38 (2011). In particular, Plaintiff has adequately alleged falsity and scienter: the two elements that Defendants challenge.

The SAC sufficiently alleges that King made materially false and misleading representations in 2017 prior to GOCOVRI's commercial launch based on new facts alleging that King received results of physician and payer surveys that contradict King's statements. Because King's statements concerned and were based upon the results from these surveys and market research, they are not inactionable opinions or protected by the PSLRA's safe harbor. *See, e.g., In re Acadia Pharm. Inc. Securities Litig.*, 2020 WL 2838686, at \*5 (S.D. Cal. June 1, 2020) (reporting results "is simply not an opinion"); *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994,

1013 (N.D. Cal. 2018) (although statements "contain[ed] a forward looking component, … [Defendants'] 'expectation' related directly to … existing, present facts.").

This Court has already found Defendants' statements claiming that "although no payer has done so to date, a payer may determine to require patients to use other formulations of amantadine for dyskinesia ... prior to receiving reimbursement for GOCOVRI" to be false, and the allegations in the SAC continue to support their falsity.

Statements made by King and Went touting the speed of payers' reimbursement, payers' support for GOCOVRI, and that market access and distribution through Adamas' specialty pharmacy, Onboard, were seamless and straightforward are also materially misleading as they created the impression that payers' reimbursement decisions were not an impediment to fulfillment, continued prescriptions, and GOCOVRI's ultimate success when the opposite was true. *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008) ("the disclosure required by the securities laws is measured not by literal truth, but by the ability of the material to accurately inform rather than mislead prospective buyers."). The Company's warning that "there may be significant delays in obtaining final coverage and reimbursement decisions for GOCOVRI" in its 2Q and 3Q 2018 10-Qs are materially misleading because, as alleged in the SAC, the risks associated with these warnings had already occurred. These statements reported to the market current and historical facts, and were not opinions. Nor are they immaterial puffery. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017).

King's statements touting patient and physician positive feedback are materially misleading as the SAC's facts allege the opposite. Because these statements represent a core concern, namely GOCOVRI's "continued and expanded usage", they are not puffery. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2017 WL 66281, at *17 (N.D. Cal. Jan. 4, 2017). Because King tethered his statements to reports from the field team, they do not represent his opinion.

The SAC adds numerous details from reliable former employees that are sufficient to infer Defendants' knowledge or deliberate recklessness throughout the Class Period, including: the 2017 payer and physician surveys; Adamas' tracking of payer coverage determinations; the

Individual Defendants' access to real-time fulfillment data, which provided the rate and status of fulfillment and the time to fulfill, among others; and the Adamas field team's regular reports of physicians' frustrations.

These allegations, when considered holistically as required by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007), along with Adamas' internal changes and the core operations allegations, among others, support a strong inference that Defendants acted with an intent to deceive or deliberate recklessness that is at least as plausible as Defendants' proffered competing inference.

Finally, because the SAC has sufficiently alleged a primary violation of Section 10(b) of the Exchange Act, Plaintiff's claims for control personal liability are sustained.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the SAC is **DENIED** in its entirety, and Defendants' RJN is **GRANTED IN PART** in accordance with the rulings in this Order.

**IT IS SO ORDERED.**

DATED: _____

_____
Honorable Jeffrey S. White
United States District Judge