**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (#270796)
Leanne H. Solish (#280297)
Christopher R. Fallon (#235684)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Lead Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER, AND RICHARD A. KING, <br><br> Defendants. | Case No. 4:19-cv-08051-JSW <br><br> **PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Hearing Date: March 11, 2022 <br> Time: 9:00 a.m. <br> Judge: The Hon. Jeffrey S. White <br> Dept.: Courtroom 5, 2nd Floor |

Lead Plaintiff Ralph Martinez ("Plaintiff") objects to Defendants'[1] Request for Judicial Notice (Dkt. No. 86) ("RJN") of Exhibit 13 to the Declaration of Tijana M. Brien ("Brien Decl.") (Dkt. No. 85-16) (generally "Exhibit 13" or the "Form 4") on the grounds that the document is not properly subject to judicial notice, and matters in this document, as they are used by Defendants' Motion to Dismiss (Dkt. No. 85) (the "Motion") the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 82) (the "SAC"), cannot properly be considered by the Court in ruling on Defendants' Motion. Plaintiff also objects to Defendants' RJN of Exhibits 1-12 and 14-28 to the Brien Decl. to the extent that the Motion seeks to use them to establish the truth of the facts contained therein.

## I.    INTRODUCTION

The Ninth Circuit has cautioned against the "concerning pattern in securities cases" where defendants "exploit[]" incorporation by reference and judicial notice "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The court made clear that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. In considering documents incorporated by reference, courts must still adhere to the "fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1014.

Defendants' RJN and Motion exemplifies what the Ninth Circuit cautioned against, asking the Court to consider more than 28 documents through incorporation by reference or judicial notice and then using the documents to create a counter-narrative contradicting the well-plead factual allegations in the SAC. *See Eastman v. Apple, Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019) ("[Defendant] does not simply ask the Court to take judicial notice of the fact that the documents were in the public realm. Rather, [defendant] asks the Court to judicially notice the documents' contents as disclosing. . . claimed inventions"). For example, Defendants incorrectly

---

[1] Defendants include Adamas Pharmaceuticals, Inc. ("Adamas" or the "Company"), its former Chief Executive Officer ("CEO") Gregory T. Went, former Chief Financial Officer ("CFO") Alfred G. Merriweather, and former Chief Operating Officer ("COO") Richard A. King.

suggest that the Court can take judicial notice of Exhibit 13, Richard King's Form 4 filed with the Securities and Exchange Commission ("SEC") on March 1, 2018, to support a counter-narrative contradicting the well-plead factual allegations of the SAC that support cogent and compelling inferences as to King's scienter.

This request and the assertions drawn from this exhibit in connection with Defendants' Motion are improper. Defendants incorrectly suggest that the Court can take judicial notice of this exhibit and its "facts" to decide the contested issue of scienter. Thus, Defendants' Request for Judicial Notice of Exhibit 13 should be denied, and the Court should ignore the impermissible factual propositions and inferences derived from them in ruling on Defendants' motion to dismiss.

Plaintiff does not object to Defendants' request to judicially notice the other SEC filings and Company earnings call and conference transcripts insofar as it asks the Court to assess what was actually available to the market. *See* Brien Decl., Exs. 1-2, 3, 6-12, 15-20, 22-28. Plaintiff also does not object to the Court taking judicial notice or incorporating by reference the JAMA article or analyst reports covering the Company. *See* Brien Decl., Exs. 4-5, 14, 21. However, Plaintiff does object to Defendants' efforts to have the Court take judicial notice of the truth of "facts" allegedly contained in any of the documents attached to the Brien Decl.—including SEC filings, transcripts, JAMA article or analyst reports—or any effort by Defendants to establish inferences favorable to them from those supposed facts.

## II. ARGUMENT

Generally, a court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "[U]nless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials)." *Silverstein v. E360Insight, LLC*, 2008 WL 1995217, at *3 (C.D. Cal. May 5, 2008).

The doctrine of incorporation by reference is one limited exception to this rule which allows for consideration of documents relied upon extensively in the complaint or forming the basis of a claim. *Orexigen*, 899 F.3d at 1002. On a motion to dismiss, the court may consider a document that

is either "attached to the complaint" or "incorporated by reference" therein, as long as it "forms the basis of the plaintiff's claim" and is "extensively" referred to and relied upon in the complaint. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "[A] district court ruling on a motion to dismiss is not sitting as a trier of fact." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008); *see also In re Connetics Corp. Sec. Litig.*, 2008 WL 3842938, at *1 (N.D. Cal. Aug. 14, 2008) (following *Gilead*). Therefore, in considering documents incorporated by reference, a court should not do so for the truth of any matters asserted therein. *Orexigen*, 899 F.3d at 1003. "If defendants are permitted to present their own version of the facts at the pleading stage-and district courts accept those facts as uncontroverted and true-it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id*. at 999.

Courts may also take "judicial notice of 'matters of public record'" to the extent permitted by Rule 201 of the Federal Rules of Evidence. *See Hammonds v. Aurora Loan Servs. LLC*, 2010 WL 3859069, at *1 (C.D. Cal. Sept. 27, 2010) ("Courts may take judicial notice of 'undisputed matters of public record,' but generally may not take judicial notice of 'disputed facts stated in public records.'" (quoting *Lee*, 250 F.3d at 690)); *see also Maraldo v. Life Ins. Co. of the Sw.*, 2012 WL 1094462, at *6 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a 'high degree of indisputability.'"). It is reversible error to take judicial notice of the "truth" of the contents of such documents. *Lee*, 250 F.3d at 688.

### A. The Court Should Not Take Judicial Notice Of The Form 4 Or The Truth Of Its Content

Plaintiff opposes Defendants' request to judicially notice Exhibit 13. This exhibit consists of a Form 4 filed by Defendant King with the SEC, and purportedly shows a stock purchase he made on February 28, 2018. While Defendants assert that judicial notice of this Form 4 is appropriate, in their Motion Defendants encourage the Court to consider the truth of its content—and in doing so, ignore the numerous California decisions that have rejected the contention that Form 4s may be judicially noticed for their truth. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 282 F.Supp.3d 1115, 1123-24 (N.D. Cal. 2017) (declining to take judicial notice of Form 4s); *Maiman v. Talbott*, 2010 WL

11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4. . . . [J]udicial notice should not be taken of the truth of their contents."); *Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012), ("This Court joins those that decline to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s").

*Shenwick* is instructive. There, after acknowledging that it has taken judicial notice of SEC Form 4s on other occasions, it noted that in most cases where courts have taken judicial notice of Form 4s, the plaintiff had alleged insider trading or a financial motive to establish scienter. 282. F. Supp. 3d at 1123. The court in *Shenwick* found it noteworthy that:

> Plaintiff did not discuss stock sales in the Complaint, and she did not argue that Defendants' financial motives establish scienter. Moreover, the fact of the stock purchases is only relevant insofar as the Court draws the inference that the purchases negate scienter. Although the Court may "compare competing explanations and inferences," those inferences still must "arise from the facts alleged in the complaint."

*id.* at 1124, and concluded that for all these reasons, it would not take judicial notice of the Form 4s; *see also In re Digi Int'l, Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1097 n.5 (D. Minn. 1998) (agreeing defendant could not rely on "evidence [of share purchases] outside the four corners of the complaint[] . . . to support its motion to dismiss" and noting that, because "the Court has no way to determine the nature of, or reasons behind the alleged purchases, such purchases would not defeat the inference of scienter"). Even where courts have judicially noticed Form 4s, they have declined to judicially notice the truth of the content and the inferences drawn from them. *E.g.*, *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice.").

For these reasons, Plaintiff objects to the judicial notice of Exhibit 13, the contents of this Form 4, and/or any inferences being drawn therefrom. For this reason, the RJN of Exhibit 13 should

be denied.[2]

**B.    The Court May Take Judicial Notice of Certain Documents, Such as SEC Filings, but Not for the Truth of the Information Contained Therein**

While a court may consider documents that are either submitted as part of a complaint or that are necessarily relied on therein and whose authenticity is not contested, it should not take judicial notice of those documents for the truth of the matters asserted therein, even if those documents are cited in the complaint. *In re Bare Escentuals Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

Defendants flout the Ninth Circuit's directive in *Orexigen*, urging the Court to accept the truth of incorporated documents for the sole purpose of a creating a countervailing factual narrative to dispute the SAC's allegations. *See, e.g.*, Motion at 2-4, 7, 15. Instead of accepting the well-plead SAC allegations, Defendants pluck favorable statements from the documents to proffer a competing counter-narrative. While "the incorporation by reference doctrine exists to 'prevent artful pleading by plaintiffs,' the Court must also be mindful of its duty to draw all reasonable inferences in favor of the pleadings." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905-06 (N.D. Cal. 2019) ("In the Court's view, Defendants . . . attempt to use these documents to create a disputed version of facts alleged and/or to create a defense to the allegations in the Complaint."). Indeed, similar attempts at using the incorporation by reference to "rebut plaintiffs' argument 'that [the company] failed to disclose'" risks have been rejected by courts and should be here as well. *See Riley v. Chopra*, 2020 WL 5217154, at *2-*3 (C.D. Cal. June 19, 2020).

---

[2] Defendants ignore that scienter in the present case is premised on actual knowledge and/or deliberate recklessness, not on motive. Accordingly, any analysis of the individual defendants' insider trading histories during the Class Period has no bearing on the issues presented here, further rendering judicial notice inappropriate. *See, e.g., Stern v. Charles Schwab & Co., Inc.*, 2009 WL 3352408, at *4 (D. Ariz. Oct. 16, 2009) ("Because the documents are not relevant to the issues raised by Schwab in the pending motion, the Court will deny the request for judicial notice."); *Gieseke v. Bank of Am., N.A.*, 2014 WL 3737970, at *1 n.1 (N.D. Cal. July 28, 2014) (denying judicial notice of a particular document because "Defendants have not established the[ir] relevance" to issues in the case).

## III. CONCLUSION

For the reasons set forth herein, Defendants' RJN of Exhibit 13 should be denied, and any factual assertions detailed in Defendants' motion to dismiss and memorandum in support of their motion should not considered in resolving those motions.

Dated: January 12, 2022

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Christopher R. Fallon*
Leanne H. Solish
Robert V. Prongay
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Lead Plaintiffs and
the Putative Class*