COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
SHANNON M. EAGAN (212830)
(seagan@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:    (650) 843 5000
Facsimile:    (650) 843 7400

Attorneys for Defendants,
ADAMAS PHARMACEUTICALS, INC., GREGORY T.
WENT, ALFRED G. MERRIWEATHER, and RICHARD
A. KING

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAMAS PHARMACEUTICALS, INC., GREGORY T. WENT, ALFRED G. MERRIWEATHER and RICHARD A. KING<br><br>Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:       March 11, 2022<br>Time:       9:00 a.m.<br>Dept.       Courtroom 5<br>Judge:      Hon. Jeffrey S. White |

COOLEY LLP

## I.   INTRODUCTION

Plaintiff's Response and Objections to Defendants' Request for Judicial Notice confirms that the Court should consider twenty-eight documents in ruling on Defendants' Motion to Dismiss the Second Amended Complaint.[1]  Plaintiff concedes that Exhibits 1–12 and 14–28 are properly subject to incorporation by reference and/or judicial notice.  In fact, Plaintiff only takes issue with one document: Exhibit 13, a Form 4, filed with the SEC on March 1, 2018, indicating to the public that Defendant King purchased Adamas stock on February 28, 2018.  Plaintiff has not made any claim that the contents of Exhibit 13 are not true, and this Court previously found that this document was among "the types of documents that would be subject to judicial notice."  (Order Granting Motion to Dismiss ("Order"), ECF No. 79 at 8).  The Court may take judicial notice of Exhibit 13 because the authenticity of the document is not in dispute.

For these reasons and those set forth below, the Court should grant in full Defendants' RJN.

## II.   ARGUMENT

### A.   The Court May Consider Documents Incorporated By Reference.

Plaintiff does not contest that Exhibits 2-4, 6, 10-12, 15, 17, 18, 20-22, 24, 25, and 27 are properly considered under the incorporation by reference doctrine and therefore concedes their incorporation is proper.  Under that doctrine, these exhibits are "***assumed to be true*** for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (emphasis added) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)).  As such, Exhibits 2-4, 6, 10-12, 15, 17, 18, 20-22, 24, 25, and 27 *can* be considered for the truth of their contents under the incorporation by reference doctrine.  "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its

---

[1] "Motion" refers to Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 85).  "RJN" refers to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 86).  "Exhibit" refers to exhibits identified in the Declaration of Tijana M. Brien in Support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 85-1).  "RJN Response" refers to Plaintiff's Response and Objections to Defendants' Request for Judicial Notice (ECF No. 89).

contents.'" *NVIDIA*, 768 F.3d at 1058 n.10 (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)).

Plaintiff challenges Defendants' appropriate use of the incorporated Exhibits by claiming that Defendants are using them to "creat[e] a countervailing factual narrative." (RJN Response at 5). However, Plaintiff does not identify a single exhibit that was used in this way, a single specific instance of such a countervailing narrative, or even a single "well-pled allegation[]" that Defendants improperly dispute. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018). Instead, Plaintiff gestures broadly at one-third of Defendant's Motion and summarily asserts that the Exhibits are used improperly. This hardly amounts to a challenge that any of the Exhibits incorporated by reference are used for the sole purpose of disputing a well-pled factual allegation, as is required under *Orexigen*. Nor could Plaintiff reasonably make this challenge; Defendants have used these documents simply to provide the Court with context as to what information Adamas provided to investors during the relevant period—exactly the purpose of the incorporation by reference doctrine.

The Court should consider Exhibits 2–4, 6, 10-12, 15, 17, 18, 20–22, 24, 25, and 27 for the truth of their contents as they are properly incorporated by reference.

**B.      Plaintiff Concedes the Court May Take Judicial Notice of Exhibits 1-12 and 14-28.**

"Plaintiff does not object to Defendants' request to judicially notice" Exhibits 1, 5, 7–9, 14, 16, 19, 23, 26, or 28. (RJN Response at 2). Defendants do not request that the Court consider Exhibits 1, 5, 7–9, 13, 14, 16, 19, 23, 26, or 28 for the truth of their contents, nor do Defendants use these Exhibits for their truth. Defendants merely request the Court take judicial notice of these documents "to 'indicate what was in the public realm at the time' and to show Adamas' reported results." (RJN at 6 (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citation omitted)). Plaintiff also concedes that the Court may take judicial notice of the documents incorporated by reference, Exhibits 2–4, 6, 10-12, 15, 17, 18, 20-22, 24, 25, and 27. (RJN Response at 2).

As such, the Court should take judicial notice of Exhibits 1–12 and 14–28.

Cooley LLP

3

**C.      The Court May Take Judicial Notice of Exhibit 13.**

Exhibit 13, a Form 4 filed with the SEC showing a purchase of Adamas stock by Defendant King, is a proper subject for judicial notice. *See* (Order at 8).  As an initial matter, Plaintiff does not dispute the authenticity of Exhibit 13, nor does he dispute the truth of its contents.  Indeed, Plaintiff did not object to judicial notice of this exact document, used in the same way in Defendants' Motion to Dismiss the First Amended Complaint. *See* (ECF No. 74).

Courts have taken judicial notice of Forms 4 and noted there is no basis to believe the truth of the document is in dispute in similar situations. *See Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 928–29 n.6 (N.D. Cal. 2012) (taking judicial notice of Forms 4 even though "the SAC does not rely on insider trading allegations to demonstrate scienter" and noting that, where plaintiff did not claim the documents are not true, there is "no basis for believing that the truth of the documents is in dispute.").  Forms 4, as is the case with other SEC filings, are "[m]atters of public record" and "may be judicially noticed." *Sec. and Exch. Comm'n v. Bardman*, 216 F. Supp. 3d 1041, 1058–59 (N.D. Cal. 2016).  As such, the Court should exercise its discretion and grant Defendants' request for judicial notice of Exhibit 13.

**III.     CONCLUSION**

For the reasons stated above, Defendants respectfully ask the Court to grant in full Defendants' RJN and consider Exhibits 1-28.

Dated: February 2, 2022                                    COOLEY LLP


By:   /s/Patrick Gibbs
         Patrick Gibbs

Attorneys for Defendants Adamas Pharmaceuticals, Inc., Gregory T. Went, Alfred G. Merriweather and Richard A. King