# EXHIBIT 1

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Plaintiff Plymouth County*
*Contributory Retirement System*

[Additional counsel on signature page.]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| PLYMOUTH COUNTY CONTRIBUTORY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADAMAS PHARMACEUTICALS, INC.; WILLIAM ERICSON; MARTHA J. DEMSKI; IVAN LIEBERBURG; GREGORY T. WENT; MICHAEL F. BIGHAM; DAVID L. MAHONEY; JOHN MACPHEE; RAJIV PATNI; JENNIFER J. RHODES; ALFRED G. MERRIWEATHER; CHRISTOPHER B. PRENTISS; RICHARD KING; MARDI C. DIER; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; LEERINK PARTNERS LLC; and EVERCORE GROUP L.L.C.,<br><br>Defendants. | Case No. RG19018715<br><br>CLASS ACTION<br><br>Assigned for All Purposes to Dept. 23<br><br>**STIPULATION OF SETTLEMENT**<br><br>The Honorable Brad Seligman<br>Dept. 23<br>Date Action Filed: May 13, 2019 |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated November 23, 2020 (the "Stipulation" or "Settlement"), is made and entered into by and among the following Settling Parties: (i) Plaintiff Plymouth County Contributory Retirement System ("Plymouth" or "Plaintiff") (on behalf of itself and each of the Class Members), by and through their counsel of record; and (ii) Defendants Adamas Pharmaceuticals, Inc. ("Adamas"), Gregory T. Went, Rajiv Patni, Jennifer J. Rhodes, Alfred G. Merriweather, Christopher B. Prentiss, Richard A. King, William Ericson, Martha J. Demski, Ivan Lieberburg, Michael F. Bigham, David L. Mahoney, John MacPhee, Mardi C. Dier (collectively, the "Individual Defendants"); Merrill Lynch, Pierce, Fenner & Smith Incorporated, SVB Leerink LLC (f/k/a Leerink Partners LLC), Evercore Group L.L.C. (collectively, the "Underwriter Defendants" and with Adamas and the Individual Defendants, the "Defendants"), by and through their counsel of record in the above-captioned action (the "Action"). Upon, and subject to, the terms and conditions hereof, Plaintiff, on behalf of itself and Members of the Class, on the one hand, and each of the Defendants, on the other hand (collectively, "Settling Parties"), intend this Settlement to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) between the Settling Parties, upon, and subject to, the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE ACTION

On May 13, 2019, Plymouth filed a putative class action complaint in this Court for alleged violations of the Securities Act of 1933 against Defendants concerning Adamas' January 24, 2018 secondary public offering (the "SPO"). Plaintiff alleges that the Registration Statement and Prospectus issued in connection with the SPO contained materially incorrect or misleading statements and/or omitted material information in violation of §§11, 12(a)(2) and/or 15 Securities Act. In particular, Plaintiff alleges that the Offering Documents made incorrect or misleading statements regarding the reception of Adamas' product, Gocovri, by insurers and healthcare providers.

On June 18, 2019, a motion for complex designation was granted and the following day the Action was assigned to Judge Brad Seligman.

Plaintiff filed the Amended Complaint for Violations of the Securities Act of 1933 (the "Amended Complaint") on July 26, 2019, and Defendants filed their demurrer on September 30, 2019. Plaintiff opposed the demurrer and filed its opposition on November 12, 2019, and the

1

Defendants filed their reply in support of their demurrer on December 10, 2019. The Parties appeared before the Court for hearing on December 17, 2019. The Court overruled the demurrer, in part, and sustained it in part, dismissing only Plaintiff's §11 claims against a set of Individual Defendants "who are not signatories of any of the Offering Documents." Defendants answered the Amended Complaint on January 30, 2020, denying the Amended Complaint's material allegations and asserting various affirmative defenses.

On February 14, 2020, Plaintiff filed a motion for class certification. Defendants opposed and filed their opposition on July 22, 2020. Plaintiff filed its reply in support of its motion on August 31, 2020. The Court issued a tentative ruling granting class certification, appointing Plymouth as Class Representative, and appointing Scott+Scott Attorneys at Law LLP as Class Counsel. The Court held a class certification hearing the next day, on October 6, 2020, and took Plaintiff's motion under submission. Plymouth and Adamas, who had been engaged in settlement discussions since April 2020, agreed to settle this Action before the Court issued a final order on the class certification motion.

From the Summer of 2019 through the Fall of 2020 the Parties engaged in fact discovery. During that time, all Parties made multiple document productions, and several third parties made document productions as well. Additionally, Defendants took the depositions of Plaintiff, and of Plaintiff's relevant investment manager.

In an effort to conserve judicial resources, on April 22, 2020, prior to a ruling on the motion for class certification, Plymouth and Adamas attended a mediation session conducted by a third-party neutral, Robert A. Meyer, Esq. (the "Mediator"). In advance of the mediation, the Parties voluntarily exchanged non-public documents, which were reviewed and analyzed. Plaintiff and Adamas then submitted and exchanged mediation statements summarizing their respective positions. While the Parties did not reach an agreement to settle the Action at the mediation at the time, the Parties continued their negotiations through the Mediator. These efforts culminated with Plymouth and Adamas agreeing to settle the Action in its entirety for $7,500,000 in cash on October 12, 2020, subject to the terms and conditions herein, and the approval of the Court.

STIPULATION OF SETTLEMENT

## II.    PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in this litigation have merit.  However, Plaintiff and its counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through the completion of discovery, summary judgment, trial, post-trial motions, and appeals.  Plaintiff and its counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this one, as well as the difficulties and delays inherent in such litigation.  Plaintiff and its counsel also are mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Action. Accordingly, Plaintiff and its counsel, having conducted an extensive investigation and review of publicly available documents and documents produced by Defendants and third parties, and in consideration of the potential damages in this Action, believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class, and is in the best interest of the Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by Plaintiff in the Action.  Defendants have denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Plaintiff or Class Members have suffered damage, that the price of Adamas common stock was artificially inflated, or that Class Members were otherwise harmed by the conduct alleged in the Action.  Defendants have asserted, and continue to assert, that the Offering Documents contained no material misstatements or omissions.  Defendants have asserted, and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.

Nonetheless, Defendants have concluded that further conduct of the Action could be protracted and expensive.  Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the litigation be fully and finally settled in the manner, and upon the terms and conditions, set forth in this Stipulation.

STIPULATION OF SETTLEMENT

**IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Plaintiff (for itself and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Action and the Released Claims and the Released Defendants Claims shall be finally and fully compromised, settled, and released, and judgment shall be issued, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.   Definitions**

In addition to the terms that may be defined elsewhere in this Stipulation, the following terms as used in the Stipulation have the meanings specified below:

1.1    "Action" means: *Plymouth County Contributory Retirement System v. Adamas Pharmaceuticals, Inc.*, No. RG19018715, proceeding in California Superior Court for the County of Alameda (the "Court").

1.2    "Adamas" means Adamas, its predecessors, successors, direct or indirect subsidiaries, direct or indirect parents, affiliates, and divisions.

1.3    "Authorized Claimant" means any Class Member who submits a valid Proof of Claim and Release and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.4    "Claims Administrator" means the firm of AB Data or such other entity to be retained by Plaintiff's Counsel, subject to Court approval, to provide all Court-approved notices to Class Members, to process proofs of claim, and generally to administer the Settlement.

1.5    "Class" means all persons and entities who purchased the common stock of Adamas Pharmaceuticals, Inc. directly in Adamas' January 24, 2018 Secondary Public Offering (which stock was issued pursuant to Adamas' November 21, 2016 Registration Statement and January 24, 2018 Prospectus Supplement and all materials incorporated therein (collectively, the "Offering Documents")).  Excluded from the Class are each of Defendants; the past and current officers, directors, and affiliates of Adamas and the Underwriter Defendants; the legal representatives, heirs, immediate family members, successors, and assigns of any of the foregoing excluded persons; and

STIPULATION OF SETTLEMENT

any entity in which any of the above excluded persons have, or had, a controlling equity interest. Also excluded will be any person who validly requests exclusion from the Class.

1.6     "Class Member" or "Member of the Class" mean a Person (including Plaintiff) who falls within the definition of the Class as set forth in ¶1.5 above.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.8     "Escrow Account" means an interest bearing bank account maintained by the Escrow Agent into which the Settlement Amount shall be deposited as set forth herein.  The Escrow Account will be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Class in accordance with the terms of the Stipulation and any order of the Court.

1.9     "Escrow Agent" means Huntington National Bank.

1.10    "Fee and Expense Award" means the amount of attorneys' fees and expenses awarded by the Court as described in ¶6.1.

1.11    "Final" means the time when any judgment or order, including the Judgment, represents a binding determination of all the issues within its scope and is not subject to further review on appeal or because, without limitation, it has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, "Final" refers to the later of: (i) the entry of judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto; (ii) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of review of the Judgment and, if the petition for review is granted, the date of final affirmance of the Judgment following review pursuant to that grant; (iii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding to review the Judgment; or (iv) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation, substantially in the form of Exhibit B, attached hereto.  However, an appeal or other challenge relating solely to Plaintiff's Fee and Expense Application or Award, or the Plan of Allocation, shall not delay the date on which the Judgment becomes Final.

1.12 "Judgment" means the proposed judgment and order of dismissal with prejudice, to be rendered by the Court, substantially in the form and content attached hereto as Exhibit B. "Judgment" also means, to the extent required by the context in this Stipulation, the "Alternate Judgment" as defined below.

1.13 "Net Settlement Fund" means the Settlement Fund less: (i) Court awarded attorneys' fees; (ii) Notice and Administration Expenses; (iii) any required Taxes and Tax Expenses (as defined below); (iv) Court awarded litigation expenses, (v) any award to Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4); and (vi) any other fees or expenses approved by the Court.

1.14 "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to members of the Class, substantially in the form attached hereto as Exhibit A-1.

1.15 "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

1.16 "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17 "Plaintiff's Counsel" means Scott+Scott Attorneys at Law LLP.

1.18 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, subject to approval of the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Notice and Administration Expenses of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. The Plan of Allocation is not part of the Stipulation and Defendants shall have no responsibility or

liability with respect thereto, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Final Judgment.

1.19    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.20    "Proof of Claim" means a Proof of Claim and Release substantially in the form attached hereto as Exhibit A-2.

1.21    "Related Persons" means each of a Defendant's past, present or future parents, subsidiaries, affiliates, divisions and joint ventures, and their respective directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

1.22    "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether class, individual, or derivative in nature, by Plaintiff, any other Class Member, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendants' Parties, which both (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action; *and* (b) arise out of, are based on, or relate to the purchase or acquisition of any Adamas common stock directly in Adamas' January 24, 2018 Secondary Public Offering (the "Covered Purchases"). As to Plymouth's release of claims, the

7

release shall also include a release of unknown claims and a waiver of rights under California Civil Code Section 1542 or similar statute or provision of law of any jurisdiction. For the avoidance of doubt, "Released Claims" for all Class Members (including Plaintiff) does not, however, include (a) claims to enforce the Settlement; or (b) any claims brought under the Securities Exchange Act of 1934, including those asserted in *Zaidi v. Adamas Pharmaceuticals, Inc.* (N.D. Cal.), insofar as they relate to claims for damages allegedly suffered in connection with any non-Covered Purchases.

1.23    "Released Defendants' Claims" means: all claims, demands, losses, rights, and causes of action of any nature whatsoever by the Released Defendants' Parties or any of them against Plaintiff, members of the Class, or Plaintiff's Counsel, which arise out or relate in any way to the institution, prosecution, assertion, settlement, or resolution of this Action (except for claims to enforce the Settlement).

1.24    "Released Defendants' Parties" means: (i) each Defendant; (ii) each of their respective Related Persons; and (iii) for any of the entities referred to in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, re-insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.25    "Released Plaintiff's Parties" means: (i) Plaintiff and the members of the Class; and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, re-insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.26    "Settlement Amount" means Seven Million Five Hundred Thousand United States Dollars ($7,500,000.00) in cash to be paid to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

8

1.27    "Settlement Fairness Hearing" means the hearing scheduled by the Court to determine whether: (i) the Settlement is fair, reasonable and adequate; (ii) the Plan of Allocation is fair reasonable and adequate; and (iii) Plaintiff Counsel's request for an award of attorneys' fees and expenses, including an award to Plaintiff, is reasonable.

1.28    "Settlement Fund" means the principal amount of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in cash, plus any accrued interest.

1.29    "Summary Notice" means the summary notice of the proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.30    "Unknown Claims," which applies only to Plaintiff as set forth in ¶1.22, means: any Released Claims that Plaintiff does not know or suspect to exist in its favor at the time of the release of the Released Defendants' Parties which, if known by Plaintiff might have affected its settlement with and release of the Released Defendants Parties, or might have affected its decision with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff shall expressly waive, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiff may hereafter discover facts in addition to or different from those that it now knows or believes to be true related to the subject matter of the Released Claims, but Plaintiff shall expressly, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law

STIPULATION OF SETTLEMENT

or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties agree that this ¶1.30 is a material term of this Stipulation. Plymouth represents that it has been advised about the meaning and effect of this ¶1.30 by counsel of its choosing.

## 2. The Settlement Consideration

### a. The Settlement Fund

2.1    Adamas and/or its insurers shall, pursuant to instructions from the Escrow Agent, pay, or cause to be paid, the Settlement Amount into the Escrow Account controlled solely by the Escrow Agent, subject to Court oversight, within thirty (30) days following an entry of an Order granting preliminary approval of this Settlement by the Court. The Settlement Amount includes all attorneys' fees and costs, any service award to Plaintiff, and all costs associated with providing notice to the Class and administering the settlement fund and the settlement claims process. No Defendant other than Adamas shall have any obligation or liability for payment any portion of the Settlement Amount.

2.2    If the Stipulation does not obtain final judicial approval, or the Settlement otherwise does not become Final or effective, the Settlement Amount, plus any interest accrued, but less any expenditures made as authorized by the Stipulation or the Court (including taxes paid or due, and notice or administrative expenses), shall be returned within 14 days to Adamas and/or its insurers. For the avoidance of doubt, if the Stipulation or Settlement does not obtain final judicial approval, or the Settlement otherwise does not become Final or effective, any attorneys' fees paid to Plaintiff's Counsel and any service award paid to Plaintiff shall be returned in full.

2.3    Plaintiff and Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. Defendants shall have no obligation under this Stipulation or Settlement to pay any additional amounts, and upon payment funding, Defendants shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages whatsoever, alleged or incurred by Plaintiff, any Class Member or any of their attorneys, experts, advisors, agents, or representatives with respect to the Action and Released Claims. Further, any award made by the Court pursuant to the Fee and Expense Application referred to in ¶6.1 shall be paid exclusively from the Settlement Fund.

2.4    Neither the Parties nor their counsel shall have any responsibility for, or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**b.    The Escrow Agent**

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.  The Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent, including disbursement or failure of disbursement, payment of fees, costs, expenses or taxes, elections, or any other act, omission or obligation regarding the Settlement Fund, including with respect to the Stipulation or further order(s) of the Court.

2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, or by an order of the Court.

2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

11

2.9    All costs and expenses incurred by or on behalf of Plaintiff and the Class associated with the Settlement, the Escrow Account, and the Settlement Amount, including, but not limited to, any administrative costs and costs of providing notice of the Settlement to the Class, and any award of attorneys' fees and/or expenses to Plaintiff's Counsel, shall be paid from the Settlement Fund, and in no event shall Defendants bear any responsibility for such costs.

2.10    Without further order of the Court, the Settlement Fund may be used by Plaintiff's Counsel to pay reasonable costs and expenses actually incurred consistent with this Stipulation in connection with providing notice to the Class, locating Class Members, assisting with the submission of a claim for recovery to the Claims Administrator, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, and paying escrow fees and costs, if any, and all Taxes and Tax Expenses (as defined in ¶2.11(c), herein).

c.    Taxes

2.11    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

12

STIPULATION OF SETTLEMENT

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendants' Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendants' Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their Related Persons are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

3.    **Preliminary Approval Order and Settlement Fairness Hearing**

3.1    As soon as practicable after execution of the Stipulation, Plaintiff shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice of Proposed Settlement of Class Action (the "Notice") and Proof of Claim form

13

and publication of the Summary Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1, A-2 and A-3, attached hereto.

3.2    Within five (5) calendar days from entry of the Preliminary Approval Order, Adamas, at its expense, shall promptly make, or cause to be made, to the extent reasonably available, the names and last known addresses of Class Members, or other identifying information (as set forth in the books and records regularly maintained by Adamas or any transfer agent, or in documents produced in the Action) available to the Claims Administrator for the purpose of identifying and giving notice to the Class.  Neither Defendants nor their Related Persons shall have any responsibility for, interest in, or liability with respect to providing notice (for which Plaintiff shall be solely responsible) to the Class Members.

3.3    Plaintiff's Counsel shall request that after notice is given, the Court hold the Settlement Fairness Hearing to finally approve the Settlement of the Litigation as set forth herein and to enter the Judgment.  At or after the Settlement Fairness Hearing, Plaintiff's Counsel also will request that the Court approve the Plan of Allocation and the Fee and Expense Application.

3.4    Any Class Member who wishes to opt out of the Class must submit a timely and valid written request (a "Request for Exclusion") on or before the opt-out deadline set forth in the Notice and Preliminary Approval Order.  A Request for Exclusion must be signed by the Class Member, and must comply with the other requirements set forth in the Notice and Preliminary Approval Order.

3.5    If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiff's Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

**4.    Releases**

4.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) this Action against Defendants; (ii) any and all Released Claims as against all Released Defendants' Parties; and (iii) any and all Released Defendants' Claims as against all Released Plaintiff's Parties.

4.2    Upon the Effective Date, Plaintiff and every other Class Member and any Person claiming through or on behalf of them shall be deemed to have, and by operation of the Judgment

14

shall have, to the fullest extent permitted by law, fully, finally, and forever released, waived, relinquished, and discharged with prejudice, and be estopped from ever asserting or reasserting, all Released Claims against the Released Defendants' Parties, whether or not such Class Member executes and delivers a Proof of Claim, and whether or not such Class Member shares in the Settlement Fund.

4.3    Upon the Effective Date, Plaintiff and every other Class Member and any Person claiming through or on behalf of them will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Defendants' Parties, whether or not such Class Member executes and delivers the Proof of Claim form, and whether or not such Class Member shares in the Settlement Fund.

4.4    Upon the Effective Date, without the need for any further action, notice, condition or event, each of the Released Defendants' Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released Plaintiff, Plaintiff's Counsel, and each and all of the Class Members from all Released Defendants' Claims.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court, as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.11 above;

STIPULATION OF SETTLEMENT

(c)    to pay the Fee and Expense Award, if and to the extent allowed by the Court; and

(d)    to distribute the balance of the Settlement Fund, *i.e.* the Net Settlement Fund, to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.2    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

5.3    Within one hundred twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form and content of Exhibit A-2 hereto, with such documentation as required therein, and signed under penalty of perjury.

5.4    Each Proof of Claim shall be reviewed by the Claims Administrator, under the supervision of Plaintiff's Counsel, and the Claims Administrator shall determine in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court.

5.5    Proofs of Claim that do not meet the submission requirement may be rejected. Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the claimant to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify in a timely fashion all claimants whose claims it proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant has the right to a review by the Court if the claimant so desires and complies with any applicable requirements, including those set forth in the next paragraph.

5.6    If any claimant whose timely claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days of being given notice of such rejection, serve upon the Claims Administrator a statement of reasons indicating the Claimant's grounds for contesting the rejection along with supporting documentation.

16

STIPULATION OF SETTLEMENT

If a dispute concerning a claim cannot be otherwise resolved, Plaintiff's Counsel shall thereafter present the claimant's request for review to the Court.

5.7    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Plaintiff's Counsel may, in its discretion, accept for processing late filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Plaintiff's Counsel shall have no liability for not accepting late claims.

5.8    The Claims Administrator shall calculate the claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation approved by the Court, subject to appeal to, and jurisdiction of, the Court.

5.9    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its claim to the extent allowed by the Settlement Administrator subject to the terms and conditions herein (a "Recognized Claim"), compared to the total Recognized Claims of all accepted claimants. The Released Defendants' Parties shall have no involvement in reviewing, evaluating, or challenging claims or the allocation of the Net Settlement Fund to Authorized Claimants.

5.10    Except for Adamas' obligation to pay or cause payment of the Settlement Amount, and to produce the information required under ¶3.2 herein, the Defendants and their Related Persons shall have no responsibility for, involvement in, or liability whatsoever with respect to, providing notice to the Class, the investment or distribution of the Net Settlement Fund or the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Defendants or their Related Persons with respect to the matters set forth in ¶¶5.1-5.14 hereof; and the Class Members, Plaintiff, and Plaintiff's Counsel release the Defendants and

17

their Related Persons from any and all liability and claims arising from, or with respect to, the investment or distribution of the Settlement Fund. Defendants are not providing any opinion or advice to Class Members regarding the tax consequences of the Settlement, and any tax obligations arising from the Settlement remain the sole responsibility of Class Members.

5.11 In addition to ¶2.4, no Person shall have any claim against Plaintiff, Plaintiff's Counsel, any Claims Administrator, any other Person designated by Plaintiff's Counsel based on distributions of the Settlement Fund made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court; and no Person shall have any Claims against Defendants and their Related Persons based on distributions of the Settlement Fund, whether or not made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.12 Following the Effective Date, Adamas and/or its insurers shall not have a reversionary interest in the Settlement Fund. Additionally, to the extent that the Claims Administrator receives disbursements from the Settlement Fund to cover anticipated fees or expenses in connection with administrating the notice, claims or Settlement processes, and the Claims Administrator does not ultimately have to use any or all of those disbursements to cover the actual fees or expenses incurred, then the Claims Administrator shall return the unused balance of those disbursements back to the Net Settlement Fund. The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiff's Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and no longer economically feasible to distribute to Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Bay Area Legal Aid.

5.13 Plaintiff's Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and

18

rejection of the claims submitted herein, determining any claimant's claim who has requested Court review or his, her, or its claim, and approving any fees and expenses not previously paid to the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants. Further, Plaintiff's Counsel will, thereafter, provide a post-judgment report of the results of the distribution, and take any additional steps required by the Court.

5.14    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.    Plaintiff's Counsel's Attorneys' Fees and Expenses**

6.1    Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees and litigation expenses incurred in connection with prosecuting the Action, plus any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court; and (b) an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with Plaintiff's representation of the Class (the "Fee and Expense Award"). Plaintiff's Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    The amount of the Fee and Expense Award awarded by the Court is within the sole discretion of the Court. Any Fee and Expense Award awarded by the Court shall be payable to Plaintiff's Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding any objection thereto.

6.3    Plaintiff's Counsel agree that they accept payment subject to the obligation to make repayment to the Settlement Fund (plus interest thereon at the same rate as earned on the Settlement Fund) within ten (10) business days from receiving notice from a court of appropriate jurisdiction, of

19

the amount required to be refunded by any court or appellate court, in the event, for any reason (including, without limitation, appeal, further proceeding on remand or successful collateral attack) the Fee and Expense Award is reduced or reversed, consistent with such reduction or reversal or if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason.  Furthermore, Plaintiff's Counsel agree that they remain subject to the continuing jurisdiction of the Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund, as provided in this ¶6.3.  Without limitation, Plaintiff's Counsel agree that the Court may, upon application of Defendants and notice to Plaintiff's Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders and may make appropriate findings of, or sanctions for, contempt, should Plaintiff's Counsel fail timely to repay fees and expenses pursuant to this ¶6.3.

6.4     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Award are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation.  Any order or proceeding relating to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment.  The Settling Parties agree that the denial, in whole or in part, of any Fee and Expense Application shall in no way affect the enforceability, validity, or finality of this Stipulation or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

6.5     Defendants and the Released Defendants' Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiff's Counsel from the Settlement Fund.

6.6     Any order or proceedings relating to the Fee and Expense Application, any Fee and Expense Award, or any appeal from any order relating thereto or any reversal or modification of such an order, shall not operate to terminate or cancel the Stipulation or the Settlement, affect or delay the finality of the Court's Final Judgment approving the Stipulation and the Settlement set forth therein, or affect the release of the Released Claims.

STIPULATION OF SETTLEMENT

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation is expressly subject to, and shall be the date when, all of the following events have occurred:

(a)    Adamas has paid, or caused to be paid, the Settlement Amount to the Escrow Agent, as required by ¶2.1 hereof;

(b)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3;

(d)    Following notice to the Class, the Court has entered the Judgment, or a judgment substantially in the form and content of Exhibit B, attached hereto, or a judgment in a form other than that provided above acceptable to all of the Settling Parties (the "Alternate Judgment"); and

(e)    the Judgment has become Final, as defined in ¶1.11 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants or the Released Defendants' Parties in, or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3    If prior to the Settlement Fairness Hearing, the aggregate number of shares of Adamas common stock purchased by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate supplemental confidential agreement between Plaintiff and Defendants (the "Supplemental Agreement"), Adamas shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless required by court rule or order, or unless, and until, a dispute as between Plaintiff and Defendants concerning its interpretation or application arises; and, in either event, the Settling Parties will use their best reasonable efforts to file the Supplemental Agreement for the Court's *in camera* review and/or under seal.

7.4     Defendants and Plaintiff, through their respective counsel, shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's final non-appealable refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Court's final non-appealable refusal to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeal, the California Supreme Court, or any other court.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within fourteen (14) business days after written notification of such event is sent by counsel for any of the Defendants or Plaintiff's Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) less expenses paid, incurred, or due and owing consistent with this Stipulation, including those incurred providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim forms, escrow fees and costs if any, and all Taxes and Tax Expenses, provided for herein, shall be refunded pursuant to written instructions from counsel for Adamas. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Adamas' counsel. For the avoidance of doubt, if the Stipulation or Settlement does not obtain final judicial approval, or the Settlement otherwise does not become Final or effective, any attorneys' fees paid to Plaintiff's Counsel, and any award paid to Plaintiff, shall be returned in full.

7.6     In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of October 29, 2020. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall

22

STIPULATION OF SETTLEMENT

be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed pursuant to ¶¶2.2, 2.9 or 2.10.  In addition, any expenses already incurred pursuant to ¶¶2.2, 2.9 or 2.10 hereof, at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶7.5 hereof.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.2     Upon and subject to the terms and conditions hereof, Plaintiff on behalf of itself and Members of the Class, on the one hand, and each of the Defendants, on the other hand, intend this Settlement to be a final and complete resolution of all disputes between them which were or could have been asserted in or with respect to the Action.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Further, Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Plaintiff or defended by Defendants, or their respective counsel, in bad faith or without a reasonable basis.  The Settling Parties also agree not to assert in any forum that any Settling Party or their counsel violated California Code of Civil Procedure §128.7 or any other similar statute or law, and not to make any claims for sanctions under such laws.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.3     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Defendants' Claim or of any wrongdoing or liability of the Defendants or their Related Persons; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants or their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Plaintiff were not valid in any civil, criminal or administrative proceeding. Defendants and their Related Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest. The Settling Parties, however, may mutually agree in a signed writing to a reasonable extension of time to carry out any provisions in this Stipulation without further order of the Court.

8.7     This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement between Plaintiff and Defendants and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

STIPULATION OF SETTLEMENT

8.8   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Settling Parties.   No assignment shall relieve any Settling Party hereto of any obligation hereunder.

8.9   Plaintiff's Counsel, on behalf of the Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.10   Each counsel or other Person executing the Stipulation or any of its Exhibits, on behalf of any party hereto, hereby warrants that such Person has the full authority to do so.

8.11   This Stipulation may be executed in one or more counterparts and the signatures may be by facsimile or electronically.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.

8.12   This Stipulation shall be binding upon, and inure to the benefit of, the respective agents, executors, heirs, devisees, successors, and assigns of the Settling Parties.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

8.14   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated November 24, 2020.

DATED:  November 24, 2020              SCOTT+SCOTT ATTORNEYS AT LAW LLP

John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300

25

STIPULATION OF SETTLEMENT

San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Max Schwartz (*pro hac vice*)
Jeffrey P. Jacobson (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
mschwartz@scott-scott.com
jjacobson@scott-scott.com

*Attorneys for Plaintiff Plymouth County
Contributory Retirement System*


**COOLEY LLP**

Patrick Gibbs
3715 Hanover Street
Palo Alto, CA  94304-1130
Telephone: 650-843-5112
Facsimile: 650-849-7400
pgibbs@cooley.com

*Attorneys for Defendants Adamas Pharmaceuticals,
Inc., William Ericson, Martha J. Demski, Ivan
Lieberburg, Gregory T. Went, Michael F. Bigham,
David L. Mahoney, John MacPhee, Rajiv Patni,
Jennifer J. Rhodes, Alfred G. Merriweather,
Christopher B. Prentiss, Richard King, and Mardi C.
Dier*

**MUNGER, TOLLES & OLSON LLP**

James Rutten
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
james.rutten@mto.com

*Attorneys for Defendants Merrill Lynch, Pierce,
Fenner & Smith Incorporated, SVB Leerink LLC (f/k/a
Leerink Partners LLC), and Evercore Group L.L.C.*

26

STIPULATION OF SETTLEMENT