COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
TIJANA BRIEN (286590) (tbrien@cooley.com)
JANELLE M. FERNANDES (322217) (jfernandes@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendant
RICHARD A. KING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:19-cv-08051-JSW |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| RICHARD A. KING, | |
| Defendant. | Judge:  Honorable Jeffrey S. White<br>Date Filed:  December 10, 2019 |

Defendant Richard A. King ("Mr. King"), by and through his counsel, hereby answers Lead Plaintiff Ralph Martinez's ("Plaintiff") Second Amended Class Action Complaint ("SAC").[1]

Defendant Richard King (the "Defendant") denies any and all liability under Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78(j), and Securities

---

[1] In its January 13, 2023 Order Granting, in Part, and Denying, in Part, Defendants' Motion to Dismiss (ECF 94; the "Order") and March 29, 2023 Order Dismissing Section 20(a) Claim (ECF 103; the "20(a) Order"), the Court dismissed all defendants except Mr. King and all claims except a single cause of action under Section 10(b) of the Exchange Act and Rule 10b-5 related to a single alleged misstatement.  Allegations in the SAC regarding the dismissed claims and dismissed defendants require no response. *E.g.*, *American Fam. Ins. Co. v. Almassud*, 522 F.Supp.3d 1263, 1278 (N.D. Ga. 2021); *Peper v. Dep't of Agric.*, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008); *see also Greene v. Wells Fargo Bank, N.A.*, 2015 WL 12952701, at *6 (N.D. Cal. Nov. 30, 2015) (White, J.) (granting motion to dismiss in part and ordering the defendant to "file and serve an answer to *the surviving claims*").

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

The SAC contains purported excerpts from, and references to, a number of documents and third-party publications. Such documents and third-party publications speak for themselves, and Defendant refers to the respective documents and third-party publications for the contents thereof.

Any allegations contained in the SAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.

To the extent Mr. King responds to allegations in the SAC relating to "Defendants," Mr. King's response is solely in his personal capacity and does not purport to speak for or otherwise bind the dismissed defendants.

Any allegation that is not specifically admitted below is hereby denied. Mr. King generally denies any averments in the SAC's table of contents, headings, subheadings, unnumbered paragraphs, appendices, and exhibits, and prayer for relief. Mr. King further answers the numbered paragraphs in the SAC as follows.

1.     In response to Paragraph 1 of the SAC, Mr. King admits that Plaintiff purports to bring this action as a federal securities class action under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). Paragraph 1 contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17; 20(a) Order. To the extent a response is required, Mr. King denies that this is a federal securities class action seeking to pursue remedies under Section 20(a) of the Securities Exchange Act of 1934.

2.     In response to Paragraph 2 of the SAC, Mr. King admits that during the alleged Class Period, Adamas was a pharmaceutical company that specialized in developing treatments for chronic neurological disorders that was founded in 2000. Mr. King also admits that GOCOVRI is an extended-release formulation of amantadine that was approved by the FDA for the treatment of levodopa-induced-dyskinesia, that patients with Parkinson's disease are commonly treated with levodopa therapy to replace lost dopamine, which provides patients improved control over their bodily movements, and that a common side effect from levodopa treatment is dyskinesia. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 2.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

3.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the SAC and, on that basis, denies each and every allegation in Paragraph 3.

4.    Mr. King admits the allegations in Paragraph 4.

5.    In response to Paragraph 5 of the SAC, Mr. King admits that during part of the alleged Class Period GOCOVRI's list price was $28,500 per year or $2,375 per month.  Mr. King denies the remaining allegations in Paragraph 5.

6.    In response to Paragraph 6 of the SAC, the allegations in the first sentence of Paragraph 6 are vague, ambiguous, and unintelligible and Mr. King denies them on that basis.  Mr. King denies the remaining allegations in Paragraph 6.

7.    The allegations in the first sentence in Paragraph 7 of the SAC are vague, ambiguous, and unintelligible and Mr. King denies them on that basis.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 7.

8.    In response to Paragraph 8 of the SAC and footnote 1 therein, Mr. King admits that GOCOVRI was approved by the FDA on August 24, 2017, was made available to patients in or around October 2017, was commercially launched in or around January 2018, and that "step through" may also be known as "step-therapy" or "step-edits".  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 8.

9.    In response to Paragraph 9 of the SAC, Mr. King admits that during part of the alleged Class Period GOCOVRI was distributed through a specialty pharmacy, AllianceRx Walgreen's Prime, which also assisted patients with getting reimbursement through a program called GOCOVRI Onboard ("Onboard").  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 9.

10.    In response to Paragraph 10 of the SAC, Mr. King admits that during part of the alleged Class Period, Onboard provided a two-week sample of GOCOVRI through the QuickStart program.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 10.

11.    In response to Paragraph 11 of the SAC, Mr. King denies the allegations in the first

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

sentence. Mr. King admits that OSMOLEX ER was approved in February 2018. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 11 and, on that basis, denies them.

12. In response to Paragraph 12 of the SAC, Mr. King admits Paragraph 12 contains selective quotes from his statements on Adamas's May 9, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent Paragraph 12 purports to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 12.

13. Mr. King denies each and every allegation in Paragraph 13 of the SAC.

14. Mr. King denies each and every allegation in Paragraph 14 of the SAC.

15. In response to Paragraph 15 of the SAC, Mr. King admits Paragraph 15 contains selective references from an October 5, 2018 Bank of America report that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 15 purport to summarize or characterize the report, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 15.

16. In response to Paragraph 16 of the SAC, Mr. King admits Paragraph 16 contains selective quotes from Adamas's November 1, 2018 announcement that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 16 purport to summarize or characterize the announcement, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete announcement. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 16.

17. In response to Paragraph 17 of the SAC, Mr. King admits Paragraph 17 contains selective quotes from Adamas's November 1, 2018 public statement that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 17 purport to summarize or characterize Adamas's public statement, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete public statement. Except as expressly

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

admitted herein, Mr. King denies each and every allegation in Paragraph 17.

18.     In response to Paragraph 18 of the SAC, Mr. King admits Paragraph 18 contains selective quotes from Adamas's March 4, 2019 public statement that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 18 purport to summarize or characterize Adamas's public statement, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete public statement.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 18.

19.     In response to Paragraph 19 of the SAC, Mr. King admits Paragraph 19 contains selective references to Dr. Shreedhar's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 19 purport to summarize or characterize Dr. Shreedhar's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 19.

20.     Paragraph 20 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 20.

21.     In response to Paragraph 21 of the SAC, Mr. King admits that Plaintiff purports to bring this action as a federal securities class action under Section 10(b) of the Securities Exchange Act of 1934.  Paragraph 21 of the SAC contains allegations regarding a claim that was dismissed pursuant to the 20(a) Order to which no response is required.  *See supra* at 1, n.1; 20(a) Order.  To the extent a response is required, Mr. King denies that this is a federal securities class action seeking to pursue remedies under Section 20(a) of the Securities Exchange Act of 1934.

22.     Paragraph 22 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King admits that this Court has jurisdiction over the purported claim remaining in this case.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 22.

23.     Paragraph 23 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King admits that venue is proper in this Judicial District. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 23.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

24.     Mr. King admits the allegations in Paragraph 24 of the SAC.

25.     Mr. King denies that Lead Plaintiff Ralph Martinez suffered any damages as a result of the alleged federal securities law violations and alleged false and/or misleading statements.  Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25 of the SAC and, on that basis, denies them.

26.     Paragraph 26 of the SAC contains allegations regarding a party that was dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits that, during the alleged Class Period, Adamas was incorporated in Delaware with its principal executive offices located at 1900 Powell Street, Suite 1000, Emeryville, California 94608 and Adamas's stock was traded on the NASDAQ Global Select Market (the "NASDAQ") under the ticker symbol "ADMS."

27.     Paragraph 27 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 27.

28.     Paragraph 28 of the SAC contains allegations regarding a party that was dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17.  To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to each and every allegation in Paragraph 28 and, on that basis, denies them.

29.     Paragraph 29 of the SAC contains allegations regarding a party and claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  Footnote 2 therein contains Plaintiff's characterizations of the FAC and require no response.  To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 29 and, on that basis, denies them.

30.     Paragraph 30 of the SAC contains allegations regarding a party that was dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17.  To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

as to each and every allegation in Paragraph 30 and, on that basis, denies them.

31. Paragraph 31 of the SAC contains allegations regarding a party and claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 31 and, on that basis, denies them.

32. In response to Paragraph 32 of the SAC, Mr. King denies that he was on the board of Domain Assoc. LLC. Mr. King admits the remaining allegations in Paragraph 32 of the SAC.

33. The allegations in Paragraph 33 of the SAC are vague, ambiguous, and unintelligible, and Mr. King denies each and every allegation in Paragraph 33 on that basis.

34. Paragraph 34 of the SAC contains allegations regarding parties that were dismissed pursuant to the Order and Plaintiff's characterization of the SAC to which no response is required. *See supra* at 1, n.1; Order at 17-18.

35. Paragraph 35 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 35.

36. Mr. King admits the allegations in the first sentence of Paragraph 36 of the SAC. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36 and, on that basis, denies them.

37. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the SAC and, on that basis, denies each and every allegation in Paragraph 37.

38. In response to Paragraph 38 of the SAC, Mr. King admits the allegations in the first sentence of Paragraph 38 of the SAC. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 38 and, on that basis, denies them.

39. In response to Paragraph 39 of the SAC, Mr. King admits that Dean Hart began as Adamas' Senior Vice President of Sales in January 2018. Mr. King lacks knowledge or information

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

sufficient to form a belief as to the remaining allegations in Paragraph 39 and, on that basis, denies them.

40.    In response to Paragraph 40 of the SAC, Mr. King admits that Rajesh Pahwa was the Lead Investigator for the GOCOVRI clinical studies.  Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40 and, on that basis, denies them.

41.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 and, on that basis, denies each and every allegation in Paragraph 41.

42.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 and, on that basis, denies each and every allegation in Paragraph 42.

43.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43 and, on that basis, denies each and every allegation in Paragraph 43.

44.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 and, on that basis, denies each and every allegation in Paragraph 44.

45.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 and, on that basis, denies each and every allegation in Paragraph 45.

46.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 and, on that basis, denies each and every allegation in Paragraph 46.

47.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 and, on that basis, denies each and every allegation in Paragraph 47.

48.    In response to Paragraph 48 of the SAC, Mr. King admits that Adamas is a pharmaceutical company that was founded in 2000 and specializes in developing drug treatment therapies for chronic neurological disorders.  The remaining allegations are vague, ambiguous, and unintelligible, and Mr. King denies them on that basis.

49.    In response to Paragraph 49 of the SAC, Mr. King denies that GOCOVRI was the first treatment developed by Adamas.  Mr. King admits the remaining allegations in Paragraph 49 of the SAC.

50.    In response to Paragraph 50 of the SAC, Mr. King admits that amantadine IR is a

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

generic drug that has been used to treat dyskinesia. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 50 and, on that basis, denies them. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 50.

51. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and, on that basis, denies each and every allegation in Paragraph 51.

52. Mr. King admits the allegations in Paragraph 52 of the SAC.

53. Paragraph 53 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 53 contains selective quotes from Adamas's May 9, 2017 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 53 purport to summarize or characterize the earnings call, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 53.

54. Mr. King admits the allegations in Paragraph 54 of the SAC.

55. In response to Paragraph 55 of the SAC, Mr. King admits Paragraph 55 contains selective quotes from Adamas's Forms 10-K that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 55 purport to summarize or characterize the Forms 10-K, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete Forms 10-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 55.

56. In response to Paragraph 56 of the SAC, Mr. King admits that GOCOVRI's list price was $28,500 per year, or $2,375 per month, during part of the alleged Class Period. Mr. King denies the allegations in the second sentence of Paragraph 56. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations and, on that basis, denies them.

57. In response to Paragraph 57 of the SAC, Mr. King admits Paragraph 57 and footnote

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

3 therein contain selective quotes from Adamas's Forms 10-K that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 57 purport to summarize or characterize the Forms 10-K, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete Forms 10-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 57.

58.    In response to Paragraph 58 of the SAC, Mr. King admits that payers use pharmaceutical cost containment strategies, such as medical necessity, prior authorization, and step-through requirements. Mr. King admits the allegations in the second and fourth sentence in Paragraph 58. Mr. King denies the allegations in the fifth, sixth, and seventh sentence of Paragraph 58. Except as expressly admitted herein, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 and, on that basis, denies them.

59.    Mr. King denies each and every allegation in Paragraph 59 of the SAC.

60.    Mr. King denies each and every allegation in Paragraph 60 of the SAC.

61.    In response to Paragraph 61 of the SAC, Mr. King admits the allegations in the first sentence. Mr. King admits Paragraph 61 contains selective quotes from Ms. Masterson's statements at Adamas's September 18, 2017 Investor & Analyst Meeting that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 61 purport to summarize or characterize Ms. Masterson's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 61.

62.    In response to Paragraph 62 of the SAC, Mr. King admits Paragraph 62 contains selective quotes from his statements on Adamas's November 2, 2017 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 62 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 62.

63.    In response to Paragraph 63 of the SAC, Mr. King admits the allegations in the third sentence of Paragraph 63. Except as expressly admitted herein, Mr. King denies each and every

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

allegation in Paragraph 63.

64.    In response to Paragraph 64, Mr. King admits that during part of the alleged Class Period a two-week supply of GOCOVRI was offered to patients through the QuickStart program administered by Onboard.  Mr. King admits Paragraph 64 contains selective quotes from Mr. King's and Ms. Masterson's statements at Adamas's September 18, 2017 Investor & Analyst meeting that have been modified, taken out of context, and are incomplete.  To the extent Paragraph 64 purports to summarize or characterize Mr. King's and Ms. Masterson's statements, Mr. King denies these allegations and respectfully refers the Court to the content of that complete event transcript.  Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in the first and final sentences of Paragraph 64, and on that basis denies them.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 64 of the SAC.

65.    Mr. King denies each and every allegation in Paragraph 65 of the SAC.

66.    In response to Paragraph 66 of the SAC, Mr. King admits Paragraph 66 contains selective quotes from Dr. Went's statements on Adamas's May 9, 2017 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 66 purport to summarize or characterize Dr. Went's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 66.

67.    In response to Paragraph 67 of the SAC, Mr. King admits Paragraph 67 contains selective quotes from his statements on Adamas's August 8, 2017 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 67 purport to summarize or characterize his statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 67.

68.    In response to Paragraph 68 of the SAC, Mr. King admits Paragraph 68 contains selective quotes from his statements on Adamas's August 8, 2017 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations of Paragraph 68 purport to summarize or characterize his statements, Mr. King denies these allegations and

Cooley LLP
Attorneys at Law
Palo Alto

11

Defendant's Answer to the Second
Amended Class Action Complaint
4:19-cv-08051-JSW

respectfully refers the Court to the contents of that call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 68.

69. Mr. King admits Paragraph 69 contains selective quotes of an article from the August 2017 volume of the Journal of the American Medical Association ("JAMA") that have been modified, taken out of context, and are incomplete. to the extent the allegations in Paragraph 70 purport to summarize or characterize this article, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete article. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 69.

70. In response to Paragraph 70 of the SAC, Mr. King admits Paragraph 70 contains selective quotes of an article from the August 2017 volume of JAMA that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 70 purport to summarize or characterize this article, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete article. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 70.

71. In response to Paragraph 71 of the SAC, Mr. King admits Paragraph 71 contains selective quotes of an article from the August 2017 volume of JAMA that have been modified, taken out of context, and are incomplete. to the extent the allegations in Paragraph 71 purport to summarize or characterize this article, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete article. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 71.

72. Paragraph 72 of the SAC contains allegations regarding claims and a party that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 72 of the SAC and, on that basis, denies each and every allegation in Paragraph 72.

73. Paragraph 73 of the SAC contains allegations regarding claims and a party that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

form a belief as to the allegations in Paragraph 73 of the SAC, and on that basis, denies each and every allegation in Paragraph 73.

74. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the SAC and, on that basis, denies each and every allegation in Paragraph 74.

75. In response to Paragraph 75 of the SAC, Mr. King denies the allegations in the second sentence. Mr. King admits Paragraph 75 contains selective quotes from Adamas's Forms 10-K and Dr. Went's statements on Adamas's November 1, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 75 purport to summarize or characterize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of Adamas's complete Forms 10-K and that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 75.

76. In response to Paragraph 76 of the SAC, Mr. King admits that he attended the Investor & Analyst Meeting on September 18, 2017 (the "September 2017 Meeting"). Mr. King admits Paragraph 76 contains selective quotes from his statements at that meeting that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 76 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete meeting transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 76.

77. Mr. King denies each and every allegation in Paragraph 77 of the SAC.

78. In response to Paragraph 78 of the SAC, Mr. King admits Paragraph 78 contains selective quotes from Ms. Masterson's statements at the September 2017 Meeting that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 78 purport to summarize or characterize Ms. Masterson's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete meeting transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 78.

79. In response to Paragraph 79 of the SAC, Mr. King admits Paragraph 79 contains a

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

selective quote from Ms. Masterson's statements at the September 2017 Meeting that has been modified, taken out of context, and is incomplete. To the extent the allegations of Paragraph 79 purport to summarize or characterize Ms. Masterson's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete meeting transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 79.

80. Mr. King denies each and every allegation in Paragraph 80 of the SAC.

81. In response to Paragraph 81 of the SAC, Mr. King admits Paragraph 81 contains selective quotes from Dr. Pahwa's statements at the September 2017 Meeting that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 81 purport to summarize or characterize Dr. Pahwa's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete meeting transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 81.

82. In response to Paragraph 82 of the SAC, Mr. King admits Paragraph 82 contains selective quotes from Mr. King's and Mr. Merriweather's statements at the September 2017 Meeting that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 82 purport to summarize or characterize Mr. King's and Mr. Merriweather's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete meeting transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 82.

83. In response to Paragraph 83 of the SAC, Mr. King admits that he was in attendance at Adamas's November 2, 2017 earnings call. Mr. King admits Paragraph 83 contains selective quotes from Dr. Patni's statements at that earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 83 purport to summarize or characterize Dr. Patni's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 83.

84. In response to Paragraph 84 of the SAC, Mr. King admits Paragraph 84 contains selective quotes from his statements on Adamas's November 2, 2017 earnings call that have been

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 84 purport to summarize or characterize his statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 84.

85.    In response to Paragraph 85 of the SAC, Mr. King admits Paragraph 85 contains a selective quote from his statements on Adamas's November 2, 2017 earnings call that has been modified, taken out of context, and is incomplete. To the extent the allegations of Paragraph 85 purport to summarize or characterize his statement, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 85.

86.    In response to Paragraph 86 of the SAC, Mr. King admits that GOCOVRI was commercially launched in or around January 2018. Mr. King admits Paragraph 86 contains selective quotes from Adamas's Form 8-K filed on January 22, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 86 purport to summarize or characterize Adamas's Form 8-K, Mr. King denies the allegations and respectfully refers the Court to the contents of that Form 8-K. The allegations in footnote 5 constitute Plaintiff's characterization of the SAC and Plaintiff's exhibits thereto and require no response. Mr. King lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in the chart in Paragraph 86 and, on that basis, denies them. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 86.

87.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and, on that basis, denies each and every allegation in Paragraph 87.

88.    In response to Paragraph 88 of the SAC and the footnote therein, Mr. King denies the allegations in the first sentence of Paragraph 88. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in footnote 6. The allegations in footnote 7 of the SAC assert legal conclusions to which no response is required. To the extent a response is required, Mr. King admits that HIPAA is a federal law that required the creation of national standards to protect sensitive patient health information from being disclosed without the patient's consent or

Cooley LLP
Attorneys at Law
Palo Alto

15

Defendant's Answer to the Second
Amended Class Action Complaint
4:19-cv-08051-JSW

knowledge. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 88 and, on that basis, denies them.

89. Mr. King denies the allegations in the last sentence of Paragraph 89 of the SAC. Mr. King admits footnote 8 contains selective references to information contained in Adamas's Forms 10-K that have been modified, taken out of context, and are incomplete. To the extent the allegations of footnote 8 purport to summarize or characterize Adamas's Forms 10-K, Mr. King denies the allegations and respectfully refers the Court to the contents of that Forms 10-K. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 89 and, on that basis, denies them.

90. In response to Paragraph 90 of the SAC, the first and third sentences of Paragraph 90 are vague and unintelligible as to time and Mr. King denies the allegations therein on that basis. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 90 and, on that basis, denies them.

91. Mr. King denies each and every allegation in Paragraph 91 of the SAC.

92. In response to Paragraph 92 of the SAC and footnote 9 therein, Mr. King admits Paragraph 92 and footnote 9 contain selective quotes from a William Blair report published on February 20, 2018 and an Evercore report published on February 4, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 92 and footnote 9 purport to summarize or characterize the William Blair and Evercore reports, Mr. King denies these allegations and respectfully refers the Court to the contents of those complete reports. Except as expressly admitted herein, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and footnote 9 and, on that basis, denies each and every allegation in Paragraph 92 and footnote 9.

93. In response to Paragraph 93 of the SAC, Mr. King admits Paragraph 93 contains selective quotes from Mr. King's and Dr. Went's statements on Adamas's February 22, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 93 purport to summarize or characterize Mr. King's and Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 93.

94. In response to Paragraph 94 of the SAC, Mr. King admits Paragraph 94 contains a selective quote from his statements on Adamas's February 2018 earnings call that has been modified, taken out of context, and is incomplete. To the extent the allegations of Paragraph 94 purport to summarize or characterize his statement, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 94.

95. In response to Paragraph 95 of the SAC, Mr. King admits Paragraph 95 contains selective quotes from a Cowen report published on February 22, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 95 purport to summarize or characterize the Cowen report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 95.

96. In response to Paragraph 96 of the SAC, Mr. King admits Paragraph 96 contains a selective quote from a Piper Jaffray report published on April 19, 2018 that has been modified, taken out of context, and is incomplete. To the extent the allegations of Paragraph 96 purport to summarize or characterize the Piper Jaffray report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 96.

97. In response to Paragraph 97 of the SAC, Mr. King admits Paragraph 97 contains selective quotes from his statements on Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 97 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 97.

98. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98 of the SAC and, on that basis, denies each and every allegation in

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

17

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

Paragraph 98.

99.    Mr. King denies each and every allegation in Paragraph 99 of the SAC.

100.    In response to Paragraph 100 of the SAC, Mr. King admits Paragraph 100 contains selective quotes from his statements on Adamas's May 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 100 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 100.

101.    Paragraph 101 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 101 contains selective quotes from his statements on Adamas's May 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 101 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 101.

102.    Paragraph 102 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 102 contains selective quotes from his statements at the May 16, 2018 Bank of America investor conference that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 102 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 102.

103.    Paragraph 103 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 103 contains selective quotes from his statements at the May 16, 2018 Bank of America investor conference that have been modified,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

18

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

taken out of context, and are incomplete. To the extent the allegations of Paragraph 103 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 103.

104.    Paragraph 104 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 104 contains selective quotes from his statements at the May 16, 2018 Bank of America investor conference that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 104 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 104.

105.    Paragraph 105 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 105.

106.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 106 of the SAC and, on that basis, denies each and every allegation in Paragraph 106.

107.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 107 of the SAC and, on that basis, denies each and every allegation in Paragraph 107.

108.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 108 of the SAC and, on that basis, denies each and every allegation in Paragraph 108.

109.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 of the SAC and, on that basis, denies each and every allegation in Paragraph 109.

110.    Mr. King lacks knowledge or information sufficient to form a belief as to the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

19

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

allegations in Paragraph 110 of the SAC and, on that basis, denies each and every allegation in Paragraph 110.

111.    The penultimate sentence of Paragraph 111 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in the penultimate sentence of Paragraph 111 and, on that basis, denies them. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 111 and, on that basis, denies them.

112.    Paragraph 112 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 112 and, on that basis, denies each and every allegation in Paragraph 112.

113.    Paragraph 113 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 113 and, on that basis, denies each and every allegation in Paragraph 113.

114.    Paragraph 114 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 and, on that basis, denies each and every allegation in Paragraph 114.

115.    Paragraph 115 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 and, on that basis, denies each and every allegation in Paragraph 115.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

116.    Paragraph 116 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 and, on that basis, denies each and every allegation in Paragraph 116.

117.    Paragraph 117 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 117 contains selective quotes from his statements on Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 117 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 117.

118.    Paragraph 118 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 118 contains selective quotes from his statements on Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 118 purport to summarize or characterize his statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 118.

119.    Paragraph 119 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies the allegations in the first sentence. Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 119 and, on that basis, denies them.

120.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 120 of the SAC and, on that basis, denies each and every allegation in

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

Paragraph 120.

121. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 121 of the SAC and, on that basis, denies each and every allegation in Paragraph 121.

122. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 of the SAC and, on that basis, denies each and every allegation in Paragraph 122.

123. Paragraph 123 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 of the SAC and, on that basis, denies each and every allegation in Paragraph 123.

124. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 124 of the SAC and footnote 10 therein and, on that basis, denies each and every allegation in Paragraph 124 and footnote 10.

125. Paragraph 125 of the SAC contains allegations regarding claims and defendants that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 and, on that basis, denies each and every allegation in Paragraph 125.

126. In response to Paragraph 126 of the SAC, Mr. King admits Paragraph 126 contains selective quotes from a Piper Jaffray report published on August 2, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 126 purport to summarize or characterize the Piper Jaffray report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 126.

127. In response to Paragraph 127 of the SAC, Mr. King admits Paragraph 127 contains selective quotes from Adamas's Form 8-K filed on September 14, 2018 that have been modified,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

taken out of context, and are incomplete. To the extent the allegations of Paragraph 127 purport to summarize or characterize the Form 8-K, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete Form 8-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 127.

128. In response to Paragraph 128 of the SAC, Mr. King admits Paragraph 128 contains selective quotes from a Bank of America report published on October 5, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 128 purport to summarize or characterize the Bank of America report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 128.

129. In response to Paragraph 129 of the SAC, Mr. King admits Paragraph 129 contains selective quotes and references from a Bank of America report published on October 5, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 129 purport to summarize or characterize the Bank of America report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 129.

130. Mr. King denies each and every allegation in Paragraph 130 of the SAC.

131. In response to Paragraph 131 of the SAC, Mr. King admits Paragraph 131 contains selective quotes from Dr. Went's and Mr. King's statements on Adamas's November 2018 and August 2017 earnings calls that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 131 purport to summarize or characterize Dr. Went's and Mr. King's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of those complete call transcripts. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 131.

132. In response to Paragraph 132 of the SAC, Mr. King admits Paragraph 132 contains selective quotes from Dr. Went's statements on Adamas's November 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 132 purport to summarize or characterize Dr. Went's statements, Mr. King denies the allegations

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

23

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 132.

133. In response to Paragraph 133 of the SAC, Mr. King admits Paragraph 133 contains selective quotes from Dr. Went's statements on Adamas's November 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 133 purport to summarize or characterize Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 133.

134. In response to Paragraph 134 of the SAC, Mr. King admits Paragraph 134 contains selective quotes from Mr. Merriweather's and Dr. Went's statements on Adamas's November 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 134 purport to summarize or characterize Mr. Merriweather's and Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 134.

135. Mr. King denies each and every allegation in Paragraph 135 of the SAC.

136. In response to Paragraph 136 of the SAC, Mr. King admits Paragraph 136 contains selective quotes from a Cowen report published on November 1, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations of Paragraph 136 purport to summarize or characterize the Cowen report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 136.

137. In response to Paragraph 137, Mr. King admits Paragraph 137 contains a selective quote from a Piper Jaffray report published on November 1, 2018 that has been modified, taken out of context, and is incomplete. To the extent the allegations in Paragraph 137 purport to summarize or characterize the Piper Jaffray report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 137.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

24

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

138.    In response to Paragraph 138, Mr. King admits Paragraph 138 contains selective quotes from Dr. Went's statements at the November 14, 2018 Credit Suisse investor conference and from an Evercore report published on December 12, 2018 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 138 purport to summarize or characterize Dr. Went's statements and/or the Evercore report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete event transcript and complete report.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 138.

139.    In response to Paragraph 139 of the SAC, Mr. King admits Paragraph 139 contains selective references to information disclosed on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 139 purport to summarize or characterize the information, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 139.

140.    In response to Paragraph 140, Mr. King admits Paragraph 140 contains selective quotes from Dr. Went's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 140 purport to summarize or characterize Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 140.

141.    In response to Paragraph 141 of the SAC,  Mr. King admits Paragraph 141 contains selective quotes from Dr. Went's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 141 purport to summarize or characterize Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and, on that basis, denies each and every allegation in Paragraph 141.

142.    In response to Paragraph 142 of the SAC,  Mr. King admits Paragraph 142 contains

Cooley LLP
Attorneys at Law
Palo Alto

25

Defendant's Answer to the Second
Amended Class Action Complaint
4:19-cv-08051-JSW

selective quotes from Dr. Went's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 142 purport to summarize or characterize Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 142.

143. In response to Paragraph 143 of the SAC, Mr. King admits Paragraph 143 contains selective quotes from Dr. Went's and Mr. Merriweather's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 143 purport to summarize or characterize Dr. Went's and Mr. Merriweather's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 143.

144. In response to Paragraph 144 of the SAC, Mr. King admits Paragraph 144 contains selective quotes from an analyst and Mr. Merriweather's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 144 purport to summarize or characterize the analyst and Mr. Merriweather's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 144.

145. In response to Paragraph 145, Mr. King admits Paragraph 145 contains selective quotes from a Cowen analyst's and Dr. Went's statements on Adamas's March 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 145 purport to summarize or characterize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations regarding FE5 and, on that basis, denies them. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 145.

146. Mr. King denies each and every allegation in Paragraph 146 of the SAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

26

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

147.    In response to Paragraph 147, Mr. King admits Paragraph 147 contains selective quotes from a Piper Jaffray report published on March 4, 2019 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 147 purport to summarize or characterize the Piper Jaffray report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 147.

148.    Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 148 of the SAC and, on that basis, denies each and every allegation in Paragraph 148.

149.    In response to Paragraph 149, Mr. King admits Paragraph 149 contains selective quotes from a Cowen report published on March 5, 2019 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 149 purport to summarize or characterize the Cowen report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report.  Except as expressly admitted herein, Mr. King denies the allegations in Paragraph 149.

150.    In response to Paragraph 150, Mr. King admits Paragraph 150 contains selective quotes from a Bank of America report published on March 5, 2019 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 150 purport to summarize or characterize the Bank of America report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 150.

151.    Mr. King denies each and every allegation in Paragraph 151 of the SAC.

152.    In response to Paragraph 152 of the SAC, Mr. King admits Paragraph 152 contains selective quotes from Dr. Shreedhar's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 152 purport to summarize or characterize Dr. Shreedhar's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 152.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

153.    In response to Paragraph 153 of the SAC, Mr. King admits Paragraph 153 contains selective quotes from Dr. Shreedhar's and Dr. Went's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 153 purport to summarize or characterize Dr. Shreedhar's and Dr. Went's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 153.

154.    In response to Paragraph 154 of the SAC, Mr. King admits Paragraph 154 contains selective quotes from Dr. Shreedhar's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 154 purport to summarize or characterize Dr. Shreedhar's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 154.

155.    In response to Paragraph 155 of the SAC, Mr. King admits Paragraph 155 contains selective quotes from Dr. Shreedhar's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 155 purport to summarize or characterize Dr. Shreedhar's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 155.

156.    In response to Paragraph 156 of the SAC, Mr. King admits Paragraph 156 contains selective quotes from Dr. Shreedhar's statements on Adamas's August 8, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 156 purport to summarize or characterize Dr. Shreedhar's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 156.

157.    In response to Paragraph 157 of the SAC, Mr. King admits Paragraph 157 contains a selective quote from a Cowen report published on August 8, 2019 that has been modified, taken out of context, and is incomplete. To the extent the allegations in Paragraph 157 purport to

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

summarize or characterize the Cowen report, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete report.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 157.

158.   Mr. King denies each and every allegation in Paragraph 158 of the SAC.

159.   Mr. King denies each and every allegation in Paragraph 159 of the SAC.

160.   In response to Paragraph 160 of the SAC, Mr. King admits Paragraph 160 contains selective quotes from his statements on Adamas's August 8, 2017 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 160 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 160.

161.   Mr. King denies each and every allegation in Paragraph 161 of the SAC.

162.   Mr. King denies each and every allegation in Paragraph 162 of the SAC.

163.   Paragraph 163 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits Paragraph 163 contains selective quotes from Mr. King's statements at Adamas's September 18, 2017 Investor & Analyst Meeting that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 163 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 163.

164.   Paragraph 164 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 164.

165.   Paragraph 165 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King admits Paragraph 165 contains selective quotes from Adamas's Form 8-K filed on January 22, 2018 that have been

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 165 purport to summarize or characterize the Form 8-K, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 8-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 165.

166. Paragraph 166 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 166.

167. Paragraph 167 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 167 contains selective quotes from Adamas's Form 10-K filed on February 22, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 167 purport to summarize or characterize the Form 10-K, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 167.

168. Paragraph 168 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 168.

169. Paragraph 169 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 169 contains selective quotes from Adamas's Form 10-Q filed on May 3, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 169 purport to summarize or characterize the Form 10-Q, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-Q. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 169.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

170.    Paragraph 170 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 170.

171.    Paragraph 171 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King admits Paragraph 171 contains selective quotes from Adamas's Form 10-Q filed on August 2, 2018 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 171 purport to summarize or characterize the Form 10-Q, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 171.

172.    Paragraph 172 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 172.

173.    Paragraph 173 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King admits Paragraph 173 contains selective quotes from Adamas's Form 10-Q filed on August 2, 2018 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 173 purport to summarize or characterize the Form 10-Q, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-Q.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 173.

174.    Paragraph 174 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 174.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

175. Paragraph 175 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 175 contains selective quotes from Adamas's Form 10-Q filed on November 2, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 175 purport to summarize or characterize the Form 10-Q, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-Q. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 175.

176. Paragraph 176 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 176.

177. Paragraph 177 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 177 contains selective quotes from Adamas's Form 10-Q filed on November 2, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 177 purport to summarize or characterize the Form 10-Q, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete Form 10-Q. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 177.

178. Paragraph 178 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 178.

179. Paragraph 179 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 179 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

context, and are incomplete. To the extent the allegations in Paragraph 179 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 179.

180. Paragraph 180 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 180.

181. Paragraph 181 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 181 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 181 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 181.

182. Paragraph 182 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 182 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 182 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 182.

183. Paragraph 183 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 183 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 183 purport to summarize

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

33

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 183.

184. Paragraph 184 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 184.

185. Paragraph 185 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 185 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 185 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 185.

186. Paragraph 186 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 186.

187. Paragraph 187 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 187 contains selective quotes from Mr. King's statements at Adamas's May 3, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 187 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 187.

188. Paragraph 188 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

34

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

extent a response is required, Mr. King denies each and every allegation in Paragraph 188.

189. Paragraph 189 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 189 contains selective quotes from Mr. King's statements at the May 16, 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 189 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 189.

190. Paragraph 190 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 190.

191. Paragraph 191 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 191 contains selective quotes from Mr. King's statements at the May 16, 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 191 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 191.

192. Paragraph 192 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 192.

193. Paragraph 193 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 193 contains selective quotes from Mr. King's statements at the May 16, 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 193

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

35

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 193.

194. Paragraph 194 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 194 contains selective quotes from Mr. King's statements at the May 16, 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 194 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 194.

195. Paragraph 195 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 195.

196. Paragraph 196 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 196 contains selective quotes from Mr. King's statements at the May 16, 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 196 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete event transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 196.

197. Paragraph 197 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 197.

198. Paragraph 198 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 198 contains selective quotes from Mr.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

King's statements at Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 198 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 198.

199. Paragraph 199 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 199.

200. Paragraph 200 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 200 contains selective quotes from Mr. King's statements at Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 200 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 200.

201. Paragraph 201 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 201.

202. Paragraph 202 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 202 contains selective quotes from Mr. King's statements at Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 202 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 202.

203. Paragraph 203 of the SAC contains allegations regarding claims that were dismissed

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

37

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 203.

204. Paragraph 204 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 204 contains selective quotes from an analyst and Mr. King's statements at Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 204 purport to summarize or characterize the analyst and Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 204.

205. Paragraph 205 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 205.

206. Paragraph 206 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 206 contains selective quotes from Mr. King's statements at Adamas's August 2, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 206 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 206.

207. Paragraph 207 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 207.

208. Paragraph 208 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 208 contains selective quotes from Dr. Went's statements at Adamas's November 1, 2018 earnings call that have been modified, taken out

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

38

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

of context, and are incomplete. To the extent the allegations in Paragraph 208 purport to summarize or characterize Dr. Went's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 208.

209. Paragraph 209 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 209 contains selective quotes from Dr. Went's statements at Adamas's November 1, 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 209 purport to summarize or characterize Dr. Went's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 209.

210. Paragraph 210 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 210.

211. Paragraph 211 of the SAC contains allegations regarding claims and defendants that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King admits Paragraph 211 contains selective quotes from Dr. Went's statements at the November 14, 2018 Credit Suisse Healthcare Conference that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 211 purport to summarize or characterize Dr. Went's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 211.

212. Paragraph 212 of the SAC contains allegations regarding claims and defendants that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 212.

213. Paragraph 213 of the SAC asserts legal conclusions to which no response is required.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

39

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

To the extent a response is required, Mr. King denies each and every allegation in Paragraph 213.

214.    Mr. King denies each and every allegation in Paragraph 214 of the SAC.

215.    Mr. King denies each and every allegation in Paragraph 215 of the SAC.

216.    In response to Paragraph 216 of the SAC, Mr. King admits Paragraph 216 contains references to a Bank of America report published on October 5, 2018 that have been taken out of context and are incomplete. To the extent the allegations in Paragraph 216 purport to characterize or summarize the Bank of America report, Mr. King denies these allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 216.

217.    Mr. King denies each and every allegation in Paragraph 217 of the SAC.

218.    In response to Paragraph 218 of the SAC, Mr. King admits Paragraph 218 contains selective quotes from Mr. Merriweather's and Dr. Went's statements on Adamas's November 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 218 purport to characterize or summarize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 218.

219.    In response to Paragraph 219 of the SAC, Mr. King admits Paragraph 219 contains selective quotes from Dr. Went's statements on Adamas's November 2018 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 219 purport to characterize or summarize Dr. Went's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 219.

220.    Mr. King denies each and every allegation in Paragraph 220 of the SAC.

221.    In response to Paragraph 221 of the SAC, Mr. King admits Paragraph 221 contains selective quotes from a Cowen report published on November 1, 2018 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 221 purport to characterize or summarize the report, Mr. King denies the allegations and respectfully refers the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

40

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 221.

222. In response to Paragraph 222 of the SAC, Mr. King admits Paragraph 222 contains selective quotes from Dr. Went's and Mr. Merriweather's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 222 purport to characterize or summarize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 222.

223. In response to Paragraph 223 of the SAC, Mr. King admits Paragraph 223 contains selective quotes from Dr. Went's statements on Adamas's March 4, 2019 earnings call that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 223 purport to characterize or summarize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete call transcript. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 223.

224. Mr. King denies each and every allegation in Paragraph 224 of the SAC.

225. In response to Paragraph 225 of the SAC, Mr. King admits Paragraph 225 contains selective quotes from a Piper Jaffray report published on March 4, 2019 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 225 purport to characterize or summarize the Piper Jaffray report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 225.

226. In response to Paragraph 226 of the SAC, Mr. King admits Paragraph 226 contains selective quotes from a Cowen report published on March 5, 2019 that have been modified, taken out of context, and are incomplete. To the extent the allegations in Paragraph 226 purport to characterize or summarize the Cowen report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 226.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

41

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

227.    In response to Paragraph 227 of the SAC, Mr. King admits Paragraph 227 contains selective quotes from a Needham & Company report published on March 5, 2019 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 227 purport to characterize or summarize the Needham & Company report, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete report.  Mr. King lacks knowledge or information sufficient to form a belief as to the allegations regarding the alleged Mizuho report and, on that basis, denies them.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 227.

228.    In response to Paragraph 228 of the SAC, Mr. King admits Paragraph 228 contains selective quotes from a Bank of America report published on March 5, 2019 that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 228 purport to characterize or summarize the Bank of America report, Mr. King denies the allegations and respectfully refers the Court to the contents of that complete report.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 228.

229.    Mr. King denies each and every allegation in Paragraph 229 of the SAC.

230.    Paragraph 230 of the SAC contains allegations regarding defendants that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits that Paragraph 230 contains selective quotes from Dr. Went and Mr. Merriweather on Adamas's September 18, 2017 Investor & Analyst Meeting and Adamas's February 22, 2018 earnings call that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 228 purport to characterize or summarize Dr. Went's or Mr. Merriweather's statements, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete call and event transcripts.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 230.

231.    Paragraph 231 of the SAC contains allegations regarding defendants that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits Paragraph 231 contains selective quotes from Adamas's Forms 10-K that have been modified, taken out of context, and are incomplete.  To

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

42

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

the extent the allegations in Paragraph 231 purport to summarize or characterize the Forms 10-K, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete Forms 10-K.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 231.

232.    Paragraph 232 of the SAC contains allegations regarding defendants that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King denies the allegations in the first sentence of Paragraph 230.  Mr. King lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 232 and, on that basis, denies them.

233.    Paragraph 233 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits Paragraph 233 contains selective quotes from Mr. King's, Dr. Went's, and Mr. Merriweather's statements on Adamas's May 2017 and August 2017 earnings calls and Adamas's September 2017 Investor & Analyst Meeting that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 233 purport to summarize or characterize Mr. King's, Dr. Went's, and Mr. Merriweather's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of those complete call and event transcripts.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 233.

234.    Paragraph 234 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits Paragraph 234 contains selective quotes from Mr. King's statements on Adamas's February 2018 and May 2018 earnings calls and the May 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 234 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of those complete call and event transcripts.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 234.

Cooley LLP
Attorneys at Law
Palo Alto

43

Defendant's Answer to the Second
Amended Class Action Complaint
4:19-cv-08051-JSW

235. In response to Paragraph 235 of the SAC, the first sentence is vague and unintelligible and on that basis Mr. King denies the allegations in the first sentence. The second sentence asserts a legal conclusion to which no response is required. To the extent a response is required, Mr. King denies the allegations in the second sentence of Paragraph 235.

236. In response to Paragraph 236 of the SAC, Mr. King lacks knowledge or information sufficient to form a belief as to whether FE6 reported directly to Mr. King, and on that basis denies this allegation. The remaining allegations in Paragraph 236 are vague and unintelligible and, on that basis, Mr. King denies the remaining allegations.

237. In response to Paragraph 237 of the SAC, Mr. King denies the allegations in the first two sentences of Paragraph 237. The remaining allegations relate to claims and defendants that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King admits Paragraph 237 contains selective quotes from Mr. King's statements at Adamas's August 2017 earnings call, September 2017 Investor & Analyst Meeting, November 2017 earnings call, and February 2018 earnings call. Paragraph 237 also contains selective quotes from Adamas's January 22, 2018 Form 8-K and Ms. Masterson's statements at Adamas's September 2017 Investor & Analyst Meeting. Each and every one of these quotes has been modified, taken out of context, and is incomplete. To the extent Paragraph 237 purports to characterize these statements, Mr. King denies the allegations and respectfully refers the Court to the contents of the complete transcripts and Form 8-K. Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 237.

238. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 238 of the SAC and, on that basis, denies each and every allegation in Paragraph 238.

239. Mr. King lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 239 of the SAC and, on that basis, denies each and every allegation in Paragraph 239.

240. Mr. King lacks knowledge or information sufficient to form a belief as to the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

44

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

allegations in Paragraph 240 of the SAC and, on that basis, denies each and every allegation in Paragraph 240.

241.    Paragraph 241 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See supra* at 1, n.1; Order at 17-18.  To the extent a response is required, Mr. King admits Paragraph 241 contains selective quotes from Mr. King's statements on Adamas's May 2018 and August 2018 earnings calls and the May 2018 Bank of America Healthcare Conference that have been modified, taken out of context, and are incomplete.  To the extent the allegations in Paragraph 241 purport to summarize or characterize Mr. King's statements, Mr. King denies these allegations and respectfully refers the Court to the contents of those complete call and event transcripts.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 241.

242.    Paragraph 242 of the SAC contains allegations regarding defendants that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 242.

243.    Paragraph 243 of the SAC contains allegations regarding defendants that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1.  To the extent a response is required, Mr. King denies each and every allegation in Paragraph 243.

244.    In response to Paragraph 244 of the SAC, Mr. King admits that Plaintiff purports to bring this action as a federal securities class action under Section 10(b) of (the Exchange Act.  In light of the Court's order dismissing Plaintiff's Section 20(a) claim, Mr. King denies that this is a federal securities class action seeking to pursue remedies under Section 20(a) of the Securities Exchange Act of 1934.  Except as expressly admitted herein, Mr. King denies each and every allegation in Paragraph 244.

245.    In response to Paragraph 245 of the SAC, Mr. King admits that Adamas's shares were traded on the NASDAQ during the purported Class Period.  The remaining allegations in Paragraph 245 asserts legal conclusions to which no response is required.  To the extent a response

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

45

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

is required, Mr. King denies the remaining allegations in Paragraph 245.

246. Paragraph 246 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 246.

247. Paragraph 247 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 247.

248. Paragraph 248 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 248.

249. Mr. King denies the allegation in the last sentence of Paragraph 249 of the SAC that there will be no difficulty in the management of this action as a class action. The remaining allegations in Paragraph 249 assert legal conclusions to which no response is required. To the extent a response is required, Mr. King denies the remaining allegations in Paragraph 249.

250. In response to Paragraph 250 of the SAC, Mr. King admits that Adamas's share price closed at $42.65 on January 23, 2018. The remaining allegations in Paragraph 250 assert legal conclusions to which no response is required. To the extent a response is required, Mr. King denies the remaining allegations in Paragraph 250.

251. Paragraph 251 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 251.

252. Paragraph 252 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 252.

253. Paragraph 253 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 253.

254. Paragraph 254 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 254.

255. Paragraph 255 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 255.

256. Paragraph 256 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 256.

257. Paragraph 257 of the SAC asserts legal conclusions to which no response is required.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

46

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

To the extent a response is required, Mr. King denies each and every allegation in Paragraph 257.

258.    Paragraph 258 of the SAC constitutes Plaintiff's characterization of the SAC and requires no response.

259.    Paragraph 259 of the SAC constitutes Plaintiff's characterization of its claims and requires no response.

260.    Paragraph 260 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 260.

261.    Paragraph 261 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 261.

262.    Paragraph 262 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 262.

263.    Paragraph 263 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 263.

264.    Paragraph 264 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 264.

265.    Paragraph 265 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 265.

266.    Paragraph 266 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 266.

267.    Paragraph 267 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 267.

268.    Paragraph 268 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 268.

269.    Paragraph 269 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 269.

270.    Paragraph 270 of the SAC constitutes Plaintiff's characterization of the SAC and requires no response.

271.    Paragraph 271 of the SAC contains allegations regarding claims that were dismissed

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

47

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 271.

272. Paragraph 272 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 272.

273. Paragraph 273 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 273.

274. Paragraph 274 of the SAC contains allegations regarding claims that were dismissed pursuant to the Order and 20(a) Order to which no response is required. *See supra* at 1, n.1; Order at 17-18; 20(a) Order at 1. To the extent a response is required, Mr. King denies each and every allegation in Paragraph 274.

275. The paragraphs in the "Prayer for Relief" section comprise Plaintiff's requested relief, to which no response is required. To the extent a response is required, Mr. King denies teach and every paragraph therein, including but not limited to denying that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure that that Plaintiff is entitled to any relief whatsoever.

276. The paragraph in the section titled "Jury Trial Demanded" is Plaintiff's demand for a jury trial for which no response is required.

## AFFIRMATIVE DEFENSES

Mr. King asserts the following separate and affirmative defenses to the SAC, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff.

### FIRST DEFENSE

### (Failure to State a Claim)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

48

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

The SAC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Mr. King upon which the requested relief may be granted.

## SECOND DEFENSE

### (Truth-on-the-Market)

The SAC, and each and every cause of action alleged therein, is barred because information that Defendant King allegedly concealed was in fact already disclosed and/or was in the public domain at the time the challenged statement was made and, as such, was at all times reflected in the price of Adamas's stock.  In other words, the truth was on the market.

## THIRD DEFENSE

### (Forward-Looking Statement)

The SAC, and each and every cause of action alleged therein, is barred to the extent that the alleged misstatement was a forward-looking statement, was identified as such, and was accompanied by meaningful cautionary language identifying important factors that could cause actual results to differ materially from those in the forward-looking statement, and are accordingly rendered non-actionable under the safe harbor provisions of the Private Securities Litigation Reform Act.

## FOURTH DEFENSE

### (Available Information)

The SAC, and each and every cause of action alleged therein, is barred because the allegedly misleading statement, if any, was rebutted by contrary information (including both public and non-public information) received by or that was otherwise available to Plaintiff.

## FIFTH DEFENSE

### (Conduct of Third Parties)

If it should be determined that Plaintiff has been damaged, then Mr. King is informed and believes and based thereon allege that said damage was proximately caused by the conduct of others for which Mr. King was not and is not responsible.

## SIXTH DEFENSE

### (Good Faith Basis)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

49

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

The SAC, and each and every cause of action alleged therein, is barred because Mr. King's alleged misstatement was made in good faith and with genuine belief and had a reasonable and factual historical basis.

## SEVENTH DEFENSE

### (Standing)

The SAC, and each and every cause of action alleged therein, is barred by Plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## EIGHTH DEFENSE

### (Waiver)

The SAC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## NINTH DEFENSE

### (Failure to Mitigate)

The SAC, and each and every cause of action alleged therein, is barred because Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages alleged in the SAC.

## TENTH DEFENSE

### (No Proximate Cause)

The SAC, and each and every cause of action alleged therein, is barred because the alleged statement or acts by Mr. King were not the proximate cause of any loss suffered by Plaintiff or Adamas.

## ELEVENTH DEFENSE

### (Privilege)

The SAC, and each and every cause of action alleged therein, is barred because Mr. King's acts were privileged.

## TWELFTH DEFENSE

### (Truth)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

50

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

The SAC, and each and every cause of action alleged therein, is barred by virtue of the truth of Mr. King's assertions.

## THIRTEENTH DEFENSE

### (Assumption of Risk)

The SAC, and each and every cause of action alleged therein, is barred because Plaintiff was expressly advised in statements made to him, including in documents and otherwise, regarding the material facts concerning his investments and the risks associated with Adamas's business and the pharmaceutical industry. Plaintiff therefore assumed the risk of any loss and are estopped from recovering any relief.

## FOURTEENTH DEFENSE

### (Class Action)

The SAC, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 78u-4(e))

If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The SAC, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Justification)

The SAC, and each and every cause of action alleged therein, is barred because Defendant King was justified in doing any and/or all of the acts alleged in the SAC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Negative Causation)

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

51

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW

The SAC, and each and every cause of action alleged therein, is barred because the stock drops were caused by something other than the allegedly material misstatement or omission or any alleged corrective disclosure.

## Reservation of Rights

Mr. King expressly reserves the right to amend or supplement his Answer, defenses, and all other pleadings as permitted by law. Mr. King further reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims, and/or third-party claims.

## Prayer for Relief

WHEREFORE, Richard A. King prays for relief and judgment as follows:

1. That Plaintiff takes nothing by his SAC;

2. For costs, attorneys' fees, and expert witness fees;

3. For judgment in favor of Mr. King;

4. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. King demands a trial by jury.

Dated: April 28, 2023                         COOLEY LLP


By: /s/ Patrick E. Gibbs
     Patrick E. Gibbs (183174)

Attorneys for Defendant
RICHARD A. KING

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

52

DEFENDANT'S ANSWER TO THE SECOND
AMENDED CLASS ACTION COMPLAINT
4:19-CV-08051-JSW