Robert V. Prongay (#270796)
Leanne H. Solish (#280297)
Christopher R. Fallon (#235684)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiff Ralph Martinez and*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ALI ZAIDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADAMAS PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Case No. 4:19-cv-08051-JSW<br><br>**JOINT STATEMENT ADDRESSING ORDER REQUIRING ADDITIONAL MATERIALS REGARDING MOTION FOR PRELIMINARY APPROVAL** |

JOINT STATEMENT ADDRESSING ORDER REQUIRING ADDITIONAL MATERIALS
REGARDING MOTION FOR PRELIMINARY APPROVAL
Case No. 4:19-cv-08051-JSW

Pursuant to the Court's March 26, 2024 Order (the "Order," ECF No. 126), Court-appointed lead plaintiff Ralph Martinez ("Lead Plaintiff") and defendant Richard A. King ("Defendant," and collectively with Lead Plaintiff, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Statement addressing the information requested in the Order Requiring Additional Materials Regarding Motion for Preliminary Approval (ECF No. 123).

**(1)    35-Days To Opt-Out Or Object:**  The Parties have met and conferred and have no objection to the Court amending the proposed preliminary approval order to provide that the deadline for putative class members to opt out or object to Lead Plaintiff's Motion for Final Approval and Lead Counsel's Motion for Attorneys' Fees and Expenses (collectively, the "Motions") will be 35 days after the filing of the Motions. Under this revised schedule, Lead Plaintiff and Lead Counsel will file the Motions 56 days prior to the final fairness hearing.  However, to allow for sufficient time for the notice documents to be disseminated and received by putative class members prior to the filing of the Motions, the Parties request that the Court schedule the final fairness hearing at least 141 days after it entry of the Preliminary Approval Order.  A revised proposed order with this change in redline is attached as Exhibit 1 (*see* Ex. 1, ¶27) and a clean Word version will be emailed to the Court in conjunction with the filing of this Joint Statement.

**(2)    Additional Language In The Notice:**  The Parties have no objection to including language substantially similar to that proposed by the Northern District Guidelines in the proposed notice for those who wish to object.  More specifically, given the structure and information already provided in the Notice, the Parties would suggest adding the following: "Please note that with respect to the Settlement, you can only ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement before it."  A revised proposed notice with this change in redline is attached as Exhibit 2. *See* Ex. 2, p. 4 & ¶79.

**(3)    Rationale For The $10 *De Minimis* Distribution Provision:**  Courts—including this one—commonly approve minimum payment thresholds of $10 or more. *See Yaron v. Intersect ENT, Inc.*, Case No. 4:19-CV-02647-JSW, ECF No. 86, ¶7 (N.D. Cal. April 10, 2023) (White, J.) (class distribution order with $10 *de minimis* provision); *In re K12 Inc. Sec. Litig.*, Master File No.

JOINT STATEMENT ADDRESSING ORDER REQUIRING ADDITIONAL MATERIALS
REGARDING MOTION FOR PRELIMINARY APPROVAL
Case No. 4:19-cv-08051-JSW                                                                                          1

4:16-cv-04069-PJH, ECF No. 122, ¶7 (N.D. Cal. Feb. 1, 2021) (same); *Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400-EMC, ECF No. 216 ¶7 (N.D. Cal. Aug. 29, 2023) (same). Indeed, minimal payment thresholds benefit a class as a whole by eliminating payments to claimants for whom the cost of processing claims, printing and mailing checks and related follow up would be disproportionate in relation to the value of their claim. *See Hefler v. Wells Fargo & Company*, 2018 WL 6619983, at *11 (N.D. Cal. Dec. 18, 2018) ("A $10 threshold … is standard in securities class actions and benefits the Settlement Class as a whole because it reduces the costs associated with printing and mailing checks for *de minimis* amounts, as well as costly follow-up to ensure those checks have been received and cashed." (cleaned up, quotation marks and citation omitted)), citing as persuasive authority, *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 897 (9th Cir. 2017) (collecting cases and noting that "numerous cases that have approved similar or higher minimum thresholds" than $10).[1]

**(4)      Supplemental Agreement:** On March 29, 2024, Lead Counsel emailed the Supplemental Agreement to the Court for *in camera* review. As noted in Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, "[t]his type of agreement is standard in securities class action settlements and has no negative impact on the fairness of the Settlement." *Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *1 (S.D.N.Y. Oct. 16, 2019), *appeal withdrawn sub nom. Tan Chao v. William*, 2020 WL 763277 (2d Cir. Jan. 2, 2020); *see also In re Carrier IQ,*

[1] *See also Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 328-30 (3d Cir. 2011) (court did not abuse its discretion in overruling objections to minimum $10 claim payment, noting that "courts have frequently approved such thresholds."); *In re Gilat Satellite Networks, Ltd.*, 2007 WL 1191048, at *9 (E.D.N.Y. Apr. 19, 2007) ("*de minimis* thresholds for payable claims are beneficial to the class as a whole since they save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs and courts have frequently approved such thresholds, often at $10."); *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 463 (E.D. Pa. 2008) (approving settlement plan with $50 minimum payment); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 4526593, at *12 (S.D.N.Y Dec. 20, 2007) (approving $50 minimum threshold and noting that "Class counsel are entitled to use their discretion to conclude that, at some point, the need to avoid excessive expense to the class as a whole outweighs the minimal loss to the claimants who are not receiving their *de minimis* amounts of relief."); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1268 (D. Kan. 2006) ("The court believes this [$25] *de minimis* floor is fair and reasonable in order to preserve the Cash Settlement Fund from excessive and unnecessary expenses in the overall interests of the class as a whole.").

JOINT STATEMENT ADDRESSING ORDER REQUIRING ADDITIONAL MATERIALS
REGARDING MOTION FOR PRELIMINARY APPROVAL
Case No. 4:19-cv-08051-JSW

*Inc., Consumer Privacy Litig.*, 2016 WL 4474366, at \*5 (N.D. Cal. Aug. 25, 2016) (observing that such "opt-out deals are not uncommon as they are designed to ensure that an objector cannot try to hijack a settlement in his or her own self-interest," and granting final approval of class action settlement).

Dated:  March 29, 2024                          GLANCY PRONGAY & MURRAY LLP

                                                By: */s/ Leanne H. Solish*
                                                Robert V. Prongay
                                                Leanne H. Solish
                                                Christopher R. Fallon
                                                1925 Century Park East, Suite 2100
                                                Los Angeles, California 90067
                                                Telephone: (310) 201-9150
                                                Facsimile: (310) 201-9160
                                                Email: rprongay@glancylaw.com
                                                      lsolish@glancylaw.com
                                                      cfallon@glancylaw.com

                                                *Counsel for Lead Plaintiff Ralph Martinez and Lead Counsel for the Class*

Dated:  March 29, 2024                          **COOLEY LLP**

                                                By: */s/ Tijana Brien*
                                                Patrick E. Gibbs (#183174)
                                                Shannon M. Eagan (#212830)
                                                Tijana Brien (#286590)
                                                3175 Hanover Street
                                                Palo Alto, CA 94304
                                                Telephone: (650) 843-5000
                                                Facsimile: (650) 849-7400
                                                Email: seagan@cooley.com

                                                *Counsel for Defendant Richard A. King*

        Pursuant to Civil L.R. 5-1(i)(3), all signatories concur in filing this stipulation.

Dated: March 29, 2024                           */s/ Leanne H. Solish*
                                                Leanne H. Solish

JOINT STATEMENT ADDRESSING ORDER REQUIRING ADDITIONAL MATERIALS REGARDING MOTION FOR PRELIMINARY APPROVAL
Case No. 4:19-cv-08051-JSW

3

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.  On March 29, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 29, 2024 at Los Angeles, California.

*/s/ Leanne H. Solish*
Leanne H. Solish