# EXHIBIT 8



Leanne Heine Solish
lsolish@glancylaw.com
info@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

July 18, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
E-Mail: SchofieldNYSDChambers@nysd.uscourts.gov

    Re:    *Stein v. Eagle Bancorp, Inc. et al*, Case No. 1:19-cv-06873-LGS

Dear Judge Schofield:

My firm serves as Court-appointed Lead Counsel for Plaintiffs and the Settlement Class in the above-referenced action. In its September 15, 2022 Class Distribution Order (ECF No. 111), and again in a memo endorsement entered on February 1, 2023 (ECF No. 115), the Court requested that "at such time as Lead Counsel, in consultation with the Claims Administrator, determine[s] that no additional distributions are cost-effective, Plaintiffs shall file a status letter stating how much of the Settlement Fund remains, what efforts have been made to distribute as much of the Settlement Fund as possible, and what Lead Counsel requests authorization to do with the remaining funds." *Id*.

The Settlement Fund's remaining balance is $9,810.17. At this time, Lead Counsel, in consultation with the Court-appointed claims administrator, JND Legal Administration ("JND"), has determined that it would not be cost effective to conduct additional distributions of the Settlement Fund.

As set forth in the attached Supplemental Declaration of Luiggy Segura Regarding Distribution of Net Settlement Fund and Remaining Funds ("Suppl. Segura Declaration, Exhibit 1 hereto), JND has made continuous efforts to ensure distribution of the Net Settlement Fund. As a result of those efforts, $4,780,867.52, or 99.8%, of the Net Settlement Fund was distributed to Authorized Claimants. Suppl. Segura Declaration, ¶2.

As part of JND's efforts to distribute as much of the Net Settlement Fund as possible, JND monitored returned funds, corresponded with Authorized Claimants regarding their payments, and processed requests for reissuance of settlement checks. *Id.*, ¶2. JND also encouraged Authorized

July 18, 2023
Page 2

Claimants to cash their settlement checks promptly by following up with Authorized Claimants via email and/or by telephone call. *Id.* In addition, for those settlement checks that were returned as undeliverable, JND conducted research to determine if the Authorized Claimant had an updated address. *Id.*

As a result of JND's outreach, 99.8% of the Net Settlement Fund has been distributed. *Id.* The remaining $9,810.17 in Settlement Funds consists of 34 uncashed settlement checks. *Id.*, ¶¶2-3. For these 34 remaining uncashed checks, JND conducted further follow up with these Authorized Claimants by both telephone and email, but was unfortunately unsuccessful in their efforts to encourage these Authorized Claimants to cash their settlement checks. *Id.*, ¶2. JND and Lead Counsel do not believe that further efforts to redistribute the $9,810.17 remaining in Net Settlement Fund would be cost effective. *See id.*, ¶3.

Lead Counsel respectfully requests that the remaining $9,810.17 be distributed to Public Justice, a non-sectarian, not-for-profit organization, as a *cy pres* beneficiary. As set forth in the Declaration of F. Paul Bland, Jr. in Support of Plaintiffs' Motion for Class Distribution Order (ECF No. 110), Public Justice is dedicated to, among other things, investor education and advocacy. If the Court would prefer a different recipient, Lead Counsel alternatively suggests The Legal Aid Society.

Thank you for your consideration in this matter.

Very truly yours,

*s/ Leanne Heine Solish*

Leanne Heine Solish

The motion for designation of Public Justice as a *cy pres* beneficiary is GRANTED. "In the class action context, it may be appropriate for a court to use *cy pres* principles to distribute unclaimed funds*." In re Holocaust Victim Assets Litig.*, 424 F.3d 132, 141 (2d Cir. 2005). A "*cy pres* designee must have some relationship to the original class." *Capsolas v. Pasta Res. Inc.*, 505 F. Supp. 3d 255, 258 (S.D.N.Y. 2020). "This [requirement] stems from the trust law requirement that any new, *cy pres* beneficiary of a trust be related to the old beneficiary so as to preserve the settlor's original purpose in creating the trust." *Id.* The Second Circuit has yet to hold definitively which of two applicable standard -- the "reasonable approximation" standard or "next best" standard -- applies in determining a *cy pres* designee. *Id.* Courts in this Circuit have applied the "reasonable approximation" standard, under which *cy pres* designees must "reasonably approximate" the interests of the class. *Id.; accord In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016). This standard has been held to "best preserve[] the district court's broad supervisory powers . . . with respect to the administration and allocation of settlement funds." *In re Citigroup*, 199 F. Supp. 3d at 852. Applying that standard here, Public Justice is an appropriate *cy pres* beneficiary, as it is a non-profit organization advocating on behalf of investors and consumers pursuing claims under federal and state securities laws.

Dated: July 19, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE