Robert V. Prongay (#270796)
Joseph D. Cohen (#155601)
Leanne H. Solish (#280297)
Christopher R. Fallon (#235684)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Lead Counsel for Lead Plaintiff*
*and the Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ALI ZAIDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ADAMAS PHARMACEUTICALS, INC., *et al.*, <br><br> Defendants. | Case No. 4:19-cv-08051-JSW <br><br> **REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** <br><br> Hearing Date: September 27, 2024 <br> Time: 9:00 a.m. <br> Location: Courtroom 5, 2nd Floor <br> Judge: Hon. Jeffrey S. White |

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   ARGUMENT......................................................................................................................3

      A.    The Positive Reaction Of The Settlement Class Supports Approval Of The
            Settlement And Plan Of Allocation ..........................................................................3

      B.    The Settlement Class's Reaction Supports Approval Of The Plan Of
            Allocation..................................................................................................................4

      C.    The Settlement Class's Reaction Supports Approval Of The Fee And
            Expense Application ..................................................................................................5

VI.   CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

CASES

*Cheng Jiangchen v. Rentech, Inc.*,
2019 WL 5173771 (C.D. Cal. Oct. 10, 2019)...................................................................... 5

*Ching v. Siemens Indus., Inc.*,
2014 WL 2926210 (N.D. Cal. June 27, 2014) ...................................................................... 3

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .............................................................................................. 3

*In re Apollo Grp. Inc. Sec. Litig.*,
2012 WL 1378677 (D. Ariz. Apr. 20, 2012) ....................................................................... 3

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. Cal. June 10, 2005) ..................................................................... 4

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. May 31, 2007) ................................................................. 5

*In re K12 Inc. Sec. Litig.*,
2019 WL 3766420 (N.D. Cal. Oct. 10, 2019)...................................................................... 5

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................................... 3, 5

*In re Signet Jewelers Ltd. Sec. Litig.*,
2020 WL 4196468 (S.D.N.Y. July 21, 2020) ...................................................................... 2

*In re Stable Road Acquisition Corp. Sec. Litig.*,
2024 WL 3643393 (C.D. Cal. Apr. 23, 2024) ..................................................................... 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
2019 WL 2077847 (N.D. Cal. May 10, 2019) ..................................................................... 4

*Khoja v. Orexigen Therapeutics, Inc.*,
2021 WL 5632673 (S.D. Cal. Nov. 30, 2021) .................................................................. 3, 5

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) .............................................................................................. 3

*Mauss v. NuVasive, Inc.*,
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018)........................................................................ 4

*Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ................................................................................................ 3

*Ressler v. Jacobson*,
   149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992) ............................................................................... 2

*Waldbuesser v. Northrop Grumman Corp.*,
   2017 WL 9614818 (C.D. Cal. Oct. 24, 2017).......................................................................... 5

Court-appointed lead plaintiff Ralph Martinez ("Lead Plaintiff"), and his counsel, Glancy Prongay & Murray LLP ("Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 133); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 134, the "Fee and Expense Application").[1]

## I.    INTRODUCTION

Pursuant to the Court's April 2, 2024, Order Preliminarily Approving Settlement, Providing for Notice, and Setting Final Fairness Hearing (ECF No. 128; the "Preliminary Approval Order"), approximately 30,241 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2]  In addition, the Court-appointed Claims Administrator, Strategic Claims Services, Inc. ("SCS"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on May 13, 2024,[3] and (ii) the Notice, Claim Form, Stipulation, Preliminary Approval Order, and the Second Amended Complaint, among other important case-related documents, to be posted on the Settlement Website (www.AdamasSecuritiesSettlement.com).  *See* Initial Mailing Decl., ¶11.  The Postcard Notice, Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the August 9, 2024, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated February 29, 2024 (ECF No. 124-1; the "Stipulation"), or the Declaration of Leanne H. Solish in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 135).

[2] *See* Supplemental Declaration of Margery Craig Concerning: (A) Mailing/Emailing of Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶¶3-4.  A total of 726 Postcard Notices remain undeliverable, despite attempts to update mailing addresses.  Excluding these undeliverable Postcard Notices, a total of 29,515 Postcard Notices or Notices and Claim Forms were disseminated to potential Settlement Class Members.  *Id.* at ¶5.

[3] *See* ECF No. 135-2 (Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), at ¶9 & Ex. D.

Fee and Expense Application; or (ii) request exclusion from the Settlement Class. *See id.*, ¶¶12 & 13, & Exs. A, C, and D.

On June 25, 2024, the Court continued the final Settlement Hearing from August 30, 2024, to September 27, 2024. ECF No. 132. The adjournment extended the deadlines to request exclusion or object from August 9, 2024, to September 6, 2024, because the deadlines were based on the date of the Settlement Hearing. *See* ECF No. 128 (Preliminary Approval Order), ¶¶14 & 17 (objections and requests for exclusion due twenty-one calendar days prior to the Settlement Hearing). These changes, along with the Court's Order adjourning the hearing, were posted to the Settlement Website. *See* Suppl. Mailing Decl., at ¶¶8-9.

On July 30, 2024, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of Lead Plaintiff, Lead Counsel, additional Plaintiff's Counsel (Robbins Geller Rudman & Dowd LLP), and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 133-135; Suppl. Mailing Decl., at ¶7.

Following this extensive notice process, ***no*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Moreover, SCS has not received a single request for exclusion. *See id.*, at ¶8. The absence of any objections or opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); and at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to

Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[4]

For all the reasons set forth herein, and in the opening papers filed with the Court on July 30, 2024, Lead Plaintiff and his counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

## II. ARGUMENT

### A. The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Here, the lack of a single objection or request for exclusion to the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. Nov. 30, 2021) ("Considering the number of Notice Packets mailed to potential Class Members and the fact that zero objections have been filed, the Court finds that

---

[4] Unless otherwise indicated, all internal quotations and citations are omitted.

the reaction of the Class Members to the Settlement weighs in favor of approving the Settlement.").

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline was August 28, 2024, and as of September 18, 2024, approximately 12,139 Claims have been submitted by potential Settlement Class Members seeking to participate in the Settlement. *See* Suppl. Mailing Decl., ¶10. "Based on SCS's preliminary review of the 12,139 Claims, 4,143 Claims are considered valid, 7,956 Claims are considered invalid, and 40 Claims are [currently] deficient awaiting additional documentation in order to process the claim." *Id.* SCS is currently conducting quality assurance reviews of the submitted claims, such as verifying that the claim includes the required supporting documentation and detecting duplicative claims. Once this audit process is complete, claimants with incomplete or invalid claims will be given an opportunity to supplement or complete their claims. With these steps currently outstanding, the number of claims considered valid has not yet been determined. *See Id.*[5]

### B. The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL 2077847, at

---

[5] Assuming the Court approves the Settlement, and the Effective Date occurs, the number of valid (and invalid) claims will be presented to the Court in conjunction with Lead Counsel's Motion for Class Distribution Order. *See* Stipulation, at ¶27. It is, however, important to note that, given this is not a claims-made settlement (*see id.*, at ¶13), the entire Net Settlement Fund will be distributed to Authorized Claimants regardless of the number of valid Claims if the Settlement is approved by the Court and becomes effective. *See id.*, at ¶¶1(d), 9, 27, 32.

REPLY MEMORANDUM
4

\*3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

### C. The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

Finally, the reaction of the Settlement Class should be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiff be reimbursed for the costs incurred as a direct result of his representation of the Settlement Class. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at \*14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor is determining the appropriate fee award."); *Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award.").

Here, the absence of any objections from Settlement Class Members to the Fee and Expense Motion supports a finding that the request is fair and reasonable. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. May 31, 2007) ("the lack of objection from any Class Member supports the attorneys' fees award."); *Khoja*, 2021 WL 5632673, at \*9-11 (attorneys' fee award of 33% of $4.8 million settlement where "no Class Member has objected to or requested exclusion from the Settlement" and PSLRA award of $9,230 where "no Class Member has objected to this request."); *In re K12 Inc. Sec. Litig.*, 2019 WL 3766420, at \*1 (N.D. Cal. Oct. 10, 2019) (awarding 33% of $3.5 million settlement fund where "[t]here were no objections to the requested attorneys' fees and expenses.").[6]

*        *        *

[6] *See also Omnivision*, 559 F. Supp. 2d at 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund for reimbursement of their costs and expenses (including lost wages) where class members were provided notice and "no one objected."); *Cheng Jiangchen v. Rentech, Inc.*, 2019 WL 5173771, at \*9-10 (C.D. Cal. Oct. 10, 2019) (noting "that there have been no objections filed to the requested attorney's fees ... also supports granting the requested fees" of 33⅓% of $2,050,000 settlement fund); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at \*5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the settlement fund.").

In sum, the complete absence of objections—together with the almost unheard of absence of requests for exclusion—strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, that the proposed Plan of Allocation is fair and equitable, and that Lead Counsel's fee and expense application is fair and reasonable.

## VI.   CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, plus Plaintiff's Counsel's out-of-pocket expenses in the amount of $79,750.65; and (iii) award $10,000 to Lead Plaintiff (Ralph Martinez) as reimbursement for time spent representing the Settlement Class.[7]

DATED:  September 20, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Leanne H. Solish*
Robert V. Prongay
Joseph D. Cohen
Leanne H. Solish
Christopher R. Fallon
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
jcohen@glancylaw.com
lsolish@glancylaw.com
cfallon@glancylaw.com

*Counsel for Lead Plaintiff Ralph Martinez and
Lead Counsel for the Settlement Class*

---

[7] The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation, ¶¶31, 32(e); Ex. B.  A revised version of the [Proposed] Judgment, which incorporates the lack of objections and requests for exclusion, is submitted concurrently herewith.  The [Proposed] Order Approving Plan of Allocation was previously submitted to the Court, and a revised [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses will be submitted in conjunction with Lead Counsel's submission in response to the Court's request for detailed billing records by September 24, 2024 (ECF No. 137).

**PROOF OF SERVICE**

I hereby certify that on this 20th day of September, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Leanne H. Solish*
Leanne H. Solish

REPLY MEMORANDUM

7